**INSTRUMENT SPECIALTIES COMPANY, INC.,**
Appellant,

v.

**TEXAS EMPLOYMENT COMMISSION, Richard E. Borkowski, Jeane Muncy, Robert E. Chambers, and Fred E. Ramsey, Appellees.**

**INSTRUMENT SPECIALTIES COMPANY, INC.,**
Appellant,

v.

**TEXAS EMPLOYMENT COMMISSION and James R. Garrett, Appellees.**

Nos. 2–95–224–CV, 2–96–011–CV.

Court of Appeals of Texas,
Fort Worth.

May 30, 1996.

Rehearing Overruled July 18, 1996.

Joseph A. McDermott, III, Houston, for Appellant.

Dan Morales, Attorney General of Texas; Jorge Vega, First Assistant Attorney General; Laquita Hamilton, Deputy Attorney General for Litigation; Lucy Glover, Assistant Attorney General Chief, Taxation Division; Thomas J. Meaney, Assistant Attorney General, Austin, Andrew C. Rector, H. Allen Pennington, Law, Snakard & Gambill, Fort Worth, for Appellees.

Anne Marie Finch, Thompson & Knight, P.C., Houston, for Richard Borkowski in cause number 2–95–224–CV only.

1.  Instrument Specialties Company, Inc.

Before DAY, LIVINGSTON and HOLMAN, JJ.

## OPINION

DAY, Justice.

Appellant Insco [1] appeals the dismissal of its lawsuit to set aside an unfavorable Texas Employment Commission ruling under the Texas Payday Act. Because Insco failed to diligently serve mandatory parties, we affirm the trial court's dismissal of the case.

### Factual Background

Five former Insco employees filed claims under the Texas Payday Act with the TEC. The TEC determined that Insco owed each of the claimants compensation for unpaid wages and unused vacation days. After exhausting its administrative appeals, Insco timely sought judicial review of the TEC's rulings by filing suit in a Tarrant County district court, serving the petition on the TEC, and requesting that the TEC effect service on the individual claimants. The TEC filed special exceptions with its answer alerting Insco and the court that Insco's petition relied on the wrong chapter of the Texas Labor Code and that the TEC was not authorized or required to effect service on the individual claimants in a Payday case.

Insco took no action to serve the five individual claimants until more than four months later. After the TEC filed a motion to dismiss on the grounds that the statute of limitations barred the joinder of the individual claimants (who were mandatory parties to the suit), Insco finally served the claimants. The claimants then each moved for summary judgment alleging limitations as an affirmative defense. Because Insco failed to use due diligence in serving the claimants with process, the trial court found that limitations barred Insco's suit against them and granted their summary judgment motions. The trial court granted the TEC's motion to dismiss on the grounds that it had no authority to review Insco's claim because the claimants were necessary parties to Insco's suit to set aside the TEC order.

### Insco's Failure to Serve the Claimants

On appeal, Insco argues the trial court erred in dismissing its suit because it either (1) properly served the claimants, or (2) exercised diligence in serving the claimants with its request that the TEC forward copies of Insco's petition to the claimants. We disagree.

*1. Insco did not properly serve the claimants by requesting the TEC forward to them copies of its petition.*

Insco's initial method of service on the individual claimants—requesting the TEC to forward copies of its petition—complied with section 212.206 of the Texas Labor Code. But that section applies to suits brought under the Texas Unemployment Compensation Act, not the Texas Payday Act. The two acts are located in different titles and subtitles of the Texas Labor Code.

Chapter 61 (found in Title 2, Subtitle C) contains all of the procedural requirements for maintaining actions under the Payday Act, which governs individuals' claims for earned but unpaid wages, independent of employment status or unemployment benefits. TEX.LABOR CODE ANN. §§ 61.001–.095 (Vernon Pamph.1996) (payment of wages). The Unemployment Compensation Act (found in Title 4, Subtitle A) contains in Chapter 212 its own procedural vehicle for serving individual claimants in suits brought under that act. TEX.LABOR CODE ANN. § 212.206(c-d) (Vernon Pamph.1996) (plaintiff seeking judicial review of commission decision may complete service on claimants by delivering as many copies of petition to TEC as there are defendants and TEC will mail copies).

■ The trial court was correct in finding as a matter of law that Insco's compliance with the provision for service under the Unemployment Compensation Act did not effect service on the Payday Act claimants in this case. In fact, to require or authorize the TEC to serve copies of Insco's petition on the claimants would conflict with Texas Rule of Civil Procedure 103, which prohibits a party in a lawsuit from serving other parties. TEX. R.CIV.P. 103.

*2. As a matter of law, Insco failed to exercise diligence in serving the claimants.*

■ The statute of limitations bars judicial review of a TEC ruling in a Payday Act case thirty days after the TEC's final order. TEX.LABOR CODE ANN. § 61.062(b) (Vernon Pamph.1996). Although Insco filed its petition two days before the limitations period expired, the individual claimants were in fact served more than six months after Insco filed its original petition. When a plaintiff files suit within the limitations period but does not serve the defendant until after the limitations period expires, the date of service relates back to the date of filing *if the plaintiff exercised diligence in effecting service. Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990); *see also Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 829–30 (Tex.1990) (merely filing suit does not interrupt running of statute of limitations unless plaintiff exercises due diligence in serving parties).

■ Whether a person was diligent in effecting service is normally a question of fact, but if no excuse is offered for a delay or "if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law." *E.g. Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ); *Liles v. Phillips,* 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). Because the TEC never sought a ruling on its special exceptions, Insco argues that it was never "put on notice of the necessity to serve the individual" claimants.

In *Rigo Mfg. Co. v. Thomas,* the Texas Supreme Court addressed a similar argument. 458 S.W.2d 180 (Tex.1970). The plaintiffs filed their petition and attempted nonresident service on Rigo. *Id.* at 181. Rigo entered a special appearance challenging the court's jurisdiction. *Id.* at 182. Almost two years later, the court sustained Rigo's motion and the plaintiffs promptly secured nonresident service. *Id.* Rigo successfully argued that limitations barred the plaintiffs' claims against it because proper service did not occur for more than two years from the date of filing. *Id.* Holding Rigo's initial special appearance—although not

ruled on until after the limitations period ran—called the plaintiffs' attention to the failure of service, the court concluded: "Thus put on notice of the inadequacy of [their attempted service], [the plaintiffs] nevertheless waited some seventeen months before procuring issuance and service of proper citation." *Id.*

■ In this case, the TEC's special exceptions clearly gave Insco notice of the defect in its service on the claimants even though the TEC failed to obtain a ruling on them. Despite clear warning of its reliance on the wrong part of the Labor Code, Insco did nothing to serve the individual claimants until six months after the limitations period expired. Insco also argues that because the TEC forwarded a copy of its answer and special exceptions to each of them, the individual claimants had actual notice of the suit. However, actual notice of a lawsuit without proper service is insufficient to invoke the court's jurisdiction. *Wilson v. Dunn,* 800 S.W.2d 833, 836–37 (Tex.1990).

■ Because Insco failed to serve the claimants after being put on notice of the inadequacy of their attempted service and because six months passed after Insco filed its petition before it served the claimants, as a matter of law Insco did not use diligence and its service of the claimants did not relate back to its petition.

### Disposition

■ Because as a matter of law Insco's request that the TEC forward copies of Insco's petition to these claimants was not proper service, and because as a matter of law Insco failed to exercise diligence in properly serving the individual claimants, the trial court did not err in granting the claimants summary judgments based on limitations. Because the claimants were mandatory parties to the suit, the trial court did not err in granting the TEC's motion to dismiss. We overrule Insco's point of error and affirm the trial court's judgment.