PROULX V. WELLS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-044-CV

DENIS PROULX APPELLANT

V.

MICHAEL A. WELLS APPELLEE

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

The sole issue in this summary judgment case is whether appellant Denis Proulx was diligent in serving appellee Michael A. Wells.  Because we determine that appellee proved as a matter of law that appellant was not diligent in effecting service before the expiration of the statute of limitations, we affirm. 

II.  Background Facts

In his original petition filed May 2, 2003, appellant alleged that on May 21, 2001, he was driving his car in Arlington, Texas when appellee made an unprotected left hand turn and collided with appellant’s car.  Appellant claimed he suffered injuries to his head, neck, back, right leg, and his body generally.  
Although appellant filed suit before the statute of limitations expired on May 21, 2003, he did not serve appellee before that date.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003(a) (Vernon Supp. 2005). 

On August 22, 2003, the trial court issued a notice of intent to dismiss the case for want of prosecution, stating that the case would be dismissed unless, on or before September 30, 2003, (1) appellant served appellee and appellee either filed an answer or appellant took a default judgment against appellee, or (2) appellant filed a verified motion to retain.  Appellant neither served appellee, nor filed a verified motion to retain, so the trial court dismissed the case for want of prosecution on October 7, 2003.  On October 28, 2003, appellant filed a motion to reinstate the case claiming that the failure to appear or file a motion was not intentional, but was the result of a calendaring error by appellant’s attorney.  The trial court granted the motion on November 18.

Appellant served appellee by substituted service on appellee’s brother on January 26, 2004.  Appellee filed an original answer on July 19, 2004 and a motion for summary judgment on statute of limitations grounds on November 12, 2004.  The trial court granted the motion for summary judgment on January 6, 2005. 

III.  Propriety of Summary Judgment for Appellee

In his sole issue, appellant claims that a genuine issue of material fact exists as to whether he exercised due diligence in serving appellee.  Appellant contends that the evidence and reasonable inferences demonstrate that he acted as an ordinarily prudent person would have under similar circumstances.  Additionally, appellant argues that appellee did not present any summary judgment evidence that would sufficiently prove, as a matter of law, that appellant was not diligent in attempting to serve appellee.  Appellee contends that the trial court properly granted his motion for summary judgment because there were lengthy periods of time when appellant did not attempt to serve him.

A.  Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  
Rhone-Poulenc, Inc. v. Steel
, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 121 (Tex. 1996).

When a defendant moves for summary judgment and shows that service occurred after the limitations period expired, the burden shifts to the plaintiff to offer an explanation for the delay.  
See James v. Gruma Corp.
, 129 S.W.3d 755, 760 (Tex. App.—Fort Worth 2004, pet. denied);
 Tranter v. Duemling
,
 
129 S.W.3d 257, 260 (Tex. App.—El Paso 2004, no pet.);
 Carter v. MacFadyen
, 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  This means only that the plaintiff must point to evidence that raises a fact issue on diligence.  
Tranter
, 129 S.W.3d at 260.  If the plaintiff satisfies this burden, the burden shifts back to the defendant to show why the explanation is insufficient as a matter of law.  
Id
.; 
Carter
, 93 S.W.3d at 313.

B.  Analysis

A person must “bring suit” for personal injuries within two years after the cause of action accrues.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003(a).  To “bring suit” the plaintiff must not only file the petition within the two-year period, but must also use diligence in serving the defendant with process.  
Tranter
, 129 S.W.3d at 259; 
Tate v. Beal
, 119 S.W.3d 378, 380 (Tex. App.—Fort Worth 2003, pet. denied).  If the plaintiff files suit within the two-year period, but does not serve the defendant until after the two-year period has expired, the date of service relates back to the date the petition was filed if the plaintiff has exercised diligence in effecting service.  
See Tranter
, 129 S.W.3d at 259; 
Tate
, 119 S.W.3d at 380; 
Tarrant County v. Vandigriff
, 71 S.W.3d 921, 924 (Tex. App.སྭFort Worth 2002, pet. denied); 
Instrument Specialities Co., v. Tex. Employment Comm’n
, 924 S.W.2d 420, 422 (Tex. App.—Fort Worth 1996, writ denied).

Generally, the exercise of due diligence is a question of fact that is determined by a two-pronged inquiry:  (1) whether the plaintiff acted as an ordinary prudent person would have acted under the same circumstances;  and (2) whether the plaintiff acted diligently up until the time the defendant was served.  
Tate
, 119 S.W.3d at 380.  The duty to use due diligence continues from the date suit is filed until the date the defendant is served.  
Id
.; 
Parsons v. Turley
, 109 S.W.3d 804, 808 (Tex. App.—Dallas 2003, pet. denied).  In a case such as this, the question of due diligence is answered by looking at (1) the time it took to procure citation, service, or both and (2) the type of effort or lack of effort the plaintiff expended in procuring service.  
Webster v. Thomas
, 5 S.W.3d 287, 290 (Tex. App.—Houston [14th
 Dist.] 1999, no pet.
).
(footnote: 1)
 Whether a plaintiff was diligent in serving a defendant is normally a question of fact, but if no excuse is offered for a delay or if the lapse of time coupled with the plaintiff’s acts conclusively negate diligence, lack of diligence will be found as a matter of law. 
 Vandigriff
, 71 S.W.3d at 925; 
Instrument Specialities
, 924 S.W.2d at 422.  A fact issue exists if the plaintiff gives a valid or reasonable explanation for the delay. 
 James
, 129 S.W.3d at 759. 

Here, it took appellant almost nine months from the time the suit was filed to serve appellee via substituted service.  
The length of time it took appellant to obtain service is sufficient to prove lack of diligence as a matter of law if appellant’s summary judgment evidence does not show a reasonable or valid explanation for the delay.  Texas courts have consistently held that unexplained delays of five and six months in requesting issuance and service of citation constitute a lack of due diligence as a matter of law.  
Zacharie
, 94 S.W.3d at 754; 
see also
 
Hansler
 
v. Mainka
, 807 S.W.2d 3, 5 (Tex. App.སྭCorpus Christi 1991, no writ) (holding as matter of law the plaintiff lacked diligence after a five and four-fifths month delay).  In 
Boyattia v. Hinojosa
, the Dallas court of appeals held that the plaintiff did not exercise due diligence after a three month period of inaction by the plaintiff.  18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied) (noting that clerk’s office had mistakenly misdirected service and plaintiff did nothing to rectify error).  Thus, the issue we must resolve is whether appellant’s summary judgment evidence raises a fact issue as to whether he acted with reasonable diligence.  
See Webster
, 5 S.W.3d at 290.

C.  Application to Facts

Appellant presented four affidavits as summary judgment evidence:  two from process servers who attempted to serve appellant, one from an in-house investigator for the law firm representing appellant, and one from a private investigator hired by the law firm.  The first affidavit shows that on May 20, 2003, Brian Duffe, a process server, received the citation.  He  attempted to serve appellee at 701 Riverside Drive in Arlington on May 21 and 24; on June 2, 7, 10, 19, and 27; and on July 2, 8, 16 and 22.  On July 31, Duffe informed appellant’s attorney that he did not believe appellee lived at that address. 

The second affidavit shows that on July 31, appellant’s attorney utilized Gene Curry, the in-house investigator for the law firm representing appellant, to obtain additional addresses where appellant might be located.  Curry located three additional possible addresses for appellee. 

Duffe’s affidavit further shows that on August 4, 2003, Duffe received a facsimile from Curry that listed three new possible addresses for appellee.  On August 5, 7, and 9, Duffe attempted to serve appellee at 2508 Ruger Drive in Arlington.  On August 9, the current resident at that address told Duffe that appellee did not live there.  On August 8, 16, and 20, Duffe attempted service at 825 Muirfield Drive in Mansfield and was again told by the current resident that appellee did not live there. 

On August 13, 16, and 27 and September 6 and 13, Duffe attempted to serve appellee at 4268 Chaha Road in Garland, but he did not receive an answer when he knocked on the door.  However on September 17, a Mrs. Carroll answered the door and stated, “Michael Wells is not [a]t this address.”  On September 24, Duffe told appellant’s attorney that he was unable to serve appellee at the three new addresses provided by the investigator.

The third affidavit, dated January 15, 2004, showed that citation was then delivered to Cynthia Rosser, a process server, on October 17, and service attempts continued until December 5.  Rosser attempted to serve appellee three times at the Riverside Drive address and four times at the Chaha Road address.  Between December 5 and December 10, 2003, she made over twenty calls to Mark Wells, appellee’s brother, at the Mansfield address.  Rosser averred that she confirmed that appellee’s brother, Mark Wells, resided at 825 Muirfield Drive in Mansfield, that appellee listed this address on his Texas driver’s license, that she believes the two were in contact with each other, and that in her belief the most efficient way to effect service would be by delivering substitute service at 825 Muirfield Drive.

The final affidavit shows that appellant also used Arthur B. Cantrell, a private investigator, to locate appellee.  In his January 14, 2004 affidavit, Cantrell stated that appellee had public utilities as late as December 2003 at the Chaha Road address and that a David Wells was currently living there.  Appellee’s driver’s license listed 825 Muirfield Drive as his residence, and this home was “registered” to Mark and Carla Wells.  Cantrell averred that the most current address for appellee was care of Julie A. Wells, 2126 Fleur de Lis Court, Arlington, Texas.  Cantrell stated that “[appellee] appears to be moving from relative to relative and doing his best to avoid service from the courts and creditors.”  He concluded that the Fleur de Lis address was the best address for service but that substituted service at either the Fleur de Lis address or the Muirfield address would be the best solution for proper service.

The record shows that appellant did not file a motion for substituted service until January 15, 2004.  He served appellee on January 26, 2004, over eight months after filing suit.  

Appellee contends that he is entitled to summary judgment because appellant did not explain two periods of delay:  (1) from May 2, when appellant filed his original petition, to May 20, when Duffe received the citation (nineteen days); and (2) from September 18, when Duffe last attempted service, to October 20, when Rosser made her first attempt to serve appellee (thirty-three days).   Appellant claims in his brief that he requested and paid for the citation on May 2 when he first filed suit.  In his summary judgment response, he stated, “Citation was received from the District Clerk and forwarded to . . . Duffe . . . .”  Duffe averred in his affidavit that he received the citation on May 20, 2003.  There is no evidence in the summary judgment record as to when appellant requested and received the citation.  Thus, we do not know whether this delay resulted from appellant’s inaction or the time it took for the court to issue the citation.
(footnote: 2)  It is the responsibility of the party requesting service to see that it is properly accomplished.  
See
 
Tex. R. Civ. P.
 99a; 
Primate Constr., Inc. v. Silver
, 884 S.W.2d 151, 153 (Tex. 1994); 
Carter
, 93 S.W.3d at 313.

Duffe averred that he last attempted service on September 17, but he did not notify appellant of his inability to effectuate service until September 24.  There is no evidence in the record explaining appellant’s efforts as to service in the twenty-four days between September 24 and October 17, the day Rosser received the citation.  It was during this period that the trial court, after notice to appellant, dismissed the case for want of prosecution.  Although the trial court reinstated the case on November 18, 2004, appellant did not request substituted service until almost two months later.
(footnote: 3)
 In Cantrell’s affidavit, the private investigator averred that “the initial search for a proper service location for [appellee] was initiated after serveral [sic] failed attempts by the process server at . . . 4268 Chaha Road, Apt 303, Garland, Texas,” but he did not say on what specific date appellant hired him.  Thus, appellant’s summary judgment evidence shows that the private investigator did not begin to search for appellee until sometime after Duffe’s failed September attempts to serve appellee,
(footnote: 4) almost five months after appellant filed suit and after Duffe had attempted to serve appellee over twenty times.  Appellant provided no explanation for the lengthy delay in hiring a private investigator to investigate appellee’s whereabouts.  
See Schwehr v. Martens
, No. 01-00-00217-CV, 2000 WL 1831539, at *2-3 (Tex. App.—Houston [1st Dist.] Dec. 14, 2000, no pet.) (not designated for publication) (holding that evidence of obstacles to effecting service, including defendant’s moving without notification, was not evidence showing plaintiff’s diligence in attempting service and that plaintiff’s attorney’s knowledge of such difficulties made unexplained delay in hiring private investigator “more egregious”).

The record shows that appellant filed his suit less than a month before limitations expired; that he made no attempt to serve appellee until after limitations had expired; that his suit was dismissed once for want of prosecution and he did not file a motion to reinstate it until three weeks later; that despite knowledge of numerous failed attempts to serve appellee, appellant did not hire a private investigator to determine appellee’s whereabouts, including the facts necessary to effect substituted service, until almost five months after he filed suit; and that appellant was not able to serve appellee for almost nine months.  Additionally, appellant failed to explain why it took almost three weeks for citation to be delivered to the first process server and twenty-four days for citation to be delivered to the second process server.  Although the process servers hired by appellant made numerous attempts to serve appellee, appellant did not explain all periods of delay in effecting service on appellee, and the circumstances show that appellant was not diligent in prosecuting the case and in procuring substituted service.

We hold that the summary judgment evidence shows that appellant failed to raise a fact issue on his due diligence excuse by providing a valid or reasonable explanation for his delay in effecting service; therefore, appellee proved as a matter of law that appellant did not use due diligence in serving him, and appellant’s suit is barred by limitations.  We overrule appellant’s sole issue. 

IV.  Conclusion

Having overruled appellant’s sole issue, we affirm the trial court’s judgment. 
 

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

WALKER, J. filed a dissenting opinion

DELIVERED: February 9, 2006

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-044-CV

DENIS PROULX APPELLANT

V.

MICHAEL A. WELLS APPELLEE

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

DISSENTING OPINION

------------

I respectfully dissent.  I agree with the majority’s statement of the facts and with its recitation of the controlling case law.  I cannot agree, however, that viewing the summary judgment evidence in the light most favorable to the nonmovant, Appellant Denis Proulx, it fails to raise a genuine issue of material fact regarding whether Appellant acted as an ordinary prudent person would have acted under the same circumstances and whether Appellant acted diligently up until the time Appellee Michael A. Wells was served.  Consequently, I would sustain Appellant’s sole issue and reverse the trial court’s summary judgment.

The law is well settled that when a movant seeks summary judgment on the ground that the suit was not served upon him within the applicable limitations period and the nonmovant raises the issue of due diligence, then to obtain summary judgment the movant must conclusively establish that diligence was not used to effectuate service.  
S.W. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002); 
Zale Corp. v. Rosenbaum
, 520 S.W.2d 889, 891 (Tex. 1975);  
Tate v. Beal
, 119 S.W.3d 378, 381 (Tex. App.—Fort Worth 2003, pet. denied).  A matter is conclusively established if reasonable minds cannot differ as to the conclusion to be drawn from the summary judgment proof.  
See, e.g.
, 
Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.
, 644 S.W.2d 443, 446 (Tex. 1982).  In other words, if the summary judgment evidence concerning due diligence—including the nonmovant’s controverting summary judgment evidence—viewed in the light most favorable to the nonmovant, raises a genuine issue of material fact concerning the nonmovant’s diligence in obtaining service, then summary judgment is improper.  
Tate
, 119 S.W.3d at 381 (holding that “[v]iewing all of the evidence and its reasonable inferences in the light most favorable to Tate [the nonmovant], we hold that a fact issue exists concerning whether Tate exercised due diligence in effecting service on Beal”).  Generally a plaintiff’s diligence in effectuating service is a question of fact that is determined by a two-pronged inquiry: (1) whether the plaintiff acted as an ordinary prudent person would have acted under the same circumstances, and (2) whether the plaintiff acted diligently up until the time the defendant was served.  
Id. 
(citing 
Hodge v. Smith, 
856 S.W.2d 212, 215 (Tex. App.—Houston [1st
 Dist.] 1993, writ denied)).  

Here, Appellant’s summary judgment evidence included affidavits from two process servers, one in-house investigator, and one private investigator.  Viewed in the light most favorable to Appellant, these affidavits raise a fact issue concerning whether Appellant acted with reasonable diligence in effecting service on Appellee.
(footnote: 1)  The summary judgment affidavits filed by Appellant establish that during the nine months between when suit was filed and when Appellant finally successfully obtained substituted service on Appellee’s brother, Appellant utilized two process servers who attempted service on Appellee twenty-three times at five different addresses and utilized two different investigators in an effort to locate Appellee.  The private investigator stated in his affidavit that Appellee “appears to be moving from relative to relative and doing his best to avoid service from the courts and creditors.” 

Viewing this evidence and its reasonable inferences in the light most favorable to Appellant and resolving all doubts about the existence of a genuine issue of material fact against Appellee, the sheer volume of Appellant’s repeated and consistent service attempts, combined with his use of two investigators and supported by the private investigator’s sworn conclusion that Appellee was intentionally avoiding service, at least raise a fact issue regarding Appellant’s due diligence in serving process on Appellee.  
See, e.g., id.
 (holding that appellant, who served appellee three months after suit was filed and after the limitations period, used due diligence even though there was an eleven-day delay in first attempting service and a near three-month delay between the first failed attempt at service and the date of actual service);
 
Tranter v. Duemling, 
129 S.W.3d 257, 261-63 (Tex. App.—El Paso 2004, no pet.) (holding that appellant, who served appellee three months after suit was filed and after the limitations period, used due diligence); 
Martinez v. Becerra
, 797 S.W.2d 283, 285 (Tex. App.—Corpus Christi 1990, no writ) (noting that defendant’s efforts to conceal his identity “weigh heavily in favor of finding due diligence”); 
see also Forrest v. Houck
, No. 14-03-00583-CV, 2004 WL 2163057, at *7 (Tex. App.—Houston [14th Dist.] Sept. 28, 2004, no pet.) (mem. op.) (recognizing defendant’s use of address other than his residence for driver’s license was major cause of delay in serving defendant and constituted explanation for delay in service requiring reversal of summary judgment for defendant).  

The majority points to the following facts in holding that appellant failed to raise a fact issue on diligence:  the nineteen-day delay between the date of filing suit and the date that the process server received citation, Appellant’s nearly five-month delay in hiring a private investigator to locate Appellee (prior to that time Appellant explained that he had been using an in-house investigator), a twenty-four day delay in delivering citation to the second process server, and the total nine-month delay between when suit was filed and when substituted service on Appellee was finally obtained.  The short purported gaps in Appellant’s nine-months’ worth of repeated and continuous service efforts, however, do not conclusively establish a lack of diligence in effectuating service, especially in light of the summary judgment evidence that Appellee was actively dodging service.  
Compare Gant v. DeLeon
, 786 S.W.2d 259, 260 (Tex. 1990) (holding that plaintiffs' unexplained delay of three periods totaling thirty-eight months in obtaining service on defendant was lack of due diligence); 
Webster v. Thomas
, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding four-month delay between obtaining citation and having it served on the defendant was a lack of due diligence when the plaintiff’s actions during this time “were not designed to procure the issuance of citation and service”); 
Butler v. Ross
, 836 S.W.2d 833, 835-36 (Tex. App.—Houston [1st Dist.] 1992, no writ) (five and one-half months of inactivity between failure of service on wrong address and service at new address was a lack of due diligence); 
Hansler v. Mainka
, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ) (no request for service of process for five months after suit filed was a lack of due diligence);  
Allen v. Bentley Labs., Inc.
, 538 S.W.2d 857, 860 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.) (unexplained six-month delay between filing suit and obtaining service was a lack of due diligence); 
Williams v. Houston-Citizens Bank & Trust Co.
, 531 S.W.2d 434, 435-36 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) (unexplained almost eight-month delay between expiration of first citation and issuance of second citation was a lack of due diligence)
.  The majority cites no cases that hold otherwise.  In fact, until today, no case existed holding that twenty-three attempts to serve a defendant at five different addresses over nine months—all made while the defendant was actively dodging service—constitutes a lack of diligence as a matter of law.

Because reasonable minds can differ as to whether Appellant exercised due diligence in effectuating service upon Appellee, I would sustain Appellant’s first issue and reverse the trial court’s summary judgment for Appellee.

SUE WALKER

JUSTICE

DELIVERED: February 9, 2006

FOOTNOTES
1:
The San Antonio court of appeals has held that the length of delay is not the critical factor, but whether diligence was used to effectuate service.  
Zacharie v. U.S. Natural Res., Inc.
, 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, no pet.); 
Keeton v. Carrasco
, 53 S.W.3d 13, 18 (Tex. App.—San Antonio 2001, pet. denied).

2:
Cf. Boyattia
, 18 S.W.3d at 734 (holding when defendant was served two weeks after suit filed and citation remained with court clerk during all but one day of that two-week period, that delay in effecting service not unreasonable).

3:
We also believe it to be significant that once appellant served appellee by substituted service, he took no further action during the almost six-month period before appellee filed his answer.

4:
Because Rosser attempted to serve appellee at the Chaha Road address during November 2003, Cantrell could have been hired much later, at the end of November or in early December 2003.  Because we must resolve any doubts about the evidence in appellant’s favor, we will assume that appellant hired Cantrell after Duffe’s failed attempts to serve appellee at the Chaha Road address.  
See Valence Operating Co.
, 164 S.W.3d at 661.

1:
I agree with the majority that “the issue we must resolve is whether appellant’s summary judgment evidence raises a fact issue as to whether he acted with reasonable diligence.”