Reversed and Remanded and Majority and Dissenting Opinions filed
November 2, 2006








 

Reversed
and Remanded and Majority and
Dissenting Opinions filed November 2, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00393-CV

____________

 

EVELYN and ELDON AUTEN, Appellants

 

V.

 

D.J. CLARK, INC. d/b/a DOUBLE
ARCHES CORPORATION, DONALD E. CLARK, Individually and JANET C. CLARK,
Individually,
Appellees

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 03CV0571

 



 

D I S S E N T I N G   O P I N I O N








Limitations statutes afford plaintiffs what the legislature
deems a reasonable time to present their claims and protect defendants and the
courts from having to deal with cases in which the search for truth may be
seriously impaired by the loss of evidence, whether by death or disappearance
of witnesses, fading memories, disappearance of documents or otherwise.  Murray
v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990).  Thus, the
purpose of a statute of limitations is to establish a point of repose and to
terminate stale claims.  Id.

Moreover, the mere filing of suit will not interrupt the
running of limitations unless due diligence is exercised in the issuance and
service of citation.  Kindle v. Wood County Elec. Co-op, Inc., 151
S.W.3d 206, 209 (Tex. App.CTyler 2004, pet. denied).  Whether a
plaintiff was diligent in serving a defendant is normally a question of fact,
but if no excuse is offered for a delay or if the lapse of time coupled with
the plaintiff's acts conclusively negate diligence, lack of diligence will be
found as a matter of law.  Proulx v. Wells, 186 S.W.3d 630, 633 (Tex.
App.CFort Worth 2006,
pet. filed).

Here, the delay
between filing the petition and effecting service is more than 12 months. 
While counsel offers up a litany of unfortunate events as an excuse for the
delay, these circumstances fall well short of explaining the full duration of
his inactivity.  Some of the delay is explained, but many of the incremental
delays are unexplained.  For example, :

(1)  2 weeks between
filing and the first attempt at service;

(2)  3 weeks between the process server=s last attempt at service and the
filing of his affidavit;

(3)  5 weeks between the hiring of a new legal
assistant and the filing of a motion for substituted service;

(4)  9 weeks between the filing of motion for
substituted service and the first follow up contact with the district clerk=s office;

(5)  5 weeks between the first follow up contact
with the district clerk=s office and the second follow up
contact with the district clerk=s office;

(6)  2 weeks between the second follow up contact
with the district clerk=s office and the third follow up
contact with the district clerk=s office; and

(7)  42 weeks between the third follow up contact with the
district clerk=s office and the fourth follow up
contact with the district clerk=s office.

These
delays constitute more than 30 weeks of unexplained inactivity or approximately
72 months.








The majority suggest that counsel=s hardships may
well account for the full 12 month delay, and, thus, they find a fact issue is
raised regarding counsel=s exercise of due diligence.  However, I
see no evidence that counsel felt any exigency or urgency in effecting service
of process.  The record, rather, indicates that counsel was content to
repeatedly let weeks of unexplained inactivity accrue into a total of more than
seven months.  Accordingly, I would find, as a matter of law, that the Autens
have failed to show due diligence in effecting service of process.  Thus, I
must respectfully dissent.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Majority and Dissenting Opinions filed November 2, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.(Seymore, J., majority)