NUMBER 13-09-00458-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MISSION CONSOLIDATED 

INDEPENDENT SCHOOL DISTRICT, Appellant,


v.


GLORIA GARCIA, Appellee.

 




On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.

 


OPINION



Before Justices Rodriguez, Garza, and Benavides


Opinion by Justice Garza



 In this accelerated interlocutory appeal, appellant, Mission Consolidated
Independent School District (the "District"), challenges the trial court's denial of a plea to
the jurisdiction in favor of appellee, Gloria Garcia. By four issues, which can be properly
categorized as three, the District argues that the trial court erred in denying its plea to the
jurisdiction because: (1) Garcia failed to allege jurisdictional facts vesting subject-matter
jurisdiction in the trial court; (2) Garcia's lawsuit was not timely filed under the Texas
Commission on Human Rights Act ("TCHRA"), see Tex. Lab. Code Ann. § 21.254 (Vernon
2006); and (3) the District is not an "employer" within the context of the TCHRA, and, thus,
there is no waiver of sovereign immunity. We affirm.

I. Background

 Initially, this case involved three terminated school-district employees--Garcia,
Melinda Sotuyo, and Deborah Medina--who filed lawsuits against the District and its
superintendent, H.F. "Jackie" Dyer, alleging violations of the TCHRA and various common-law claims. (1) See Mission Consol. Indep. Sch. Dist. v. Garcia, 166 S.W.3d 902, 903 (Tex.
App.-Corpus Christi 2005), aff'd in part, rev'd in part, 253 S.W.3d 653 (Tex. 2008). The
District filed a plea to the jurisdiction in each case asserting immunity under section
101.106 of the Texas Tort Claims Act, and the trial court denied the District's pleas. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2005). On original submission to this
Court, we affirmed the trial court's denial of the pleas, concluding that section 101.106 of
the Texas Tort Claims Act did not apply to the underlying claims. See Garcia, 166 S.W.3d
at 905. 

 On further appeal, the supreme court concluded that: (1) the Texas Tort Claims
Act's election-of-remedies provision governs all lawsuits filed against a governmental unit;
(2) the employees' common-law claims against the District and the superintendent were
barred by the Texas Tort Claims Act's election-of-remedies provision; and (3) the Texas
Tort Claims Act's election scheme did not bar the employees' recovery under the TCHRA
"because the Legislature has consented to suits against the government under the TCHRA
. . . and a suit that is based on the TCHRA is not one brought under the [Texas] Tort
Claims Act." Garcia, 253 S.W.3d at 654, 660-61 (stating, in particular, that "[w]hile this
Court has not previously addressed the issue, all the courts of appeals that have
considered it have concluded that the TCHRA clearly and unambiguously waives immunity,
and we agree. . . . In this case . . . Garcia's TCHRA claims against the ISD survive").

 On remand, the District filed another plea to the jurisdiction (2) contending that: (1)
Garcia failed to allege in her original petition jurisdictional facts demonstrating that she had
been discriminated or retaliated against by the District; (2) Garcia failed to comply with the
notice provisions contained in the TCHRA, see Tex. Lab. Code Ann. § 21.254; and (3) the
District is not an "employer" within the context of the TCHRA, and, therefore, the trial court
lacked subject-matter jurisdiction over Garcia's claims. See id. § 21.002(8) (Vernon Supp.
2009). After a hearing, the trial court denied the District's plea to the jurisdiction. 
Thereafter, the District filed a request for findings of fact and conclusions of law. The trial
court did not issue any fact findings or conclusions; this accelerated interlocutory appeal
ensued. See Tex. R. App. P. 28.1; see also Tex. Civ. Prac. & Rem. Code Ann. §§
51.014(a)(8) (Vernon 2008), 101.001(3)(B) (Vernon 2005). II. Standard of Review

 A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without
regard to whether the claims asserted have merit. Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter
jurisdiction. Id.; see Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 
Whether a trial court has subject-matter jurisdiction and whether the pleader has alleged
facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions
of law that we review de novo. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex. 2004); Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855
(Tex. 2002).

 The plaintiff has the burden to plead facts affirmatively showing that the trial court
has jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993); Univ. of N. Tex. v. Harvey, 124 S.W.3d 216, 220 (Tex. App.-Fort Worth 2003, pet.
denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's
intent, and accept as true the factual allegations in the pleadings. See Miranda, 133
S.W.3d at 226, 228; City of Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex. App.-Fort
Worth 2004, pet. denied). If a plea to the jurisdiction challenges the existence of
jurisdictional facts, we consider relevant evidence submitted by the parties when necessary
to resolve the jurisdictional issues raised, as the trial court is required to do, even those
facts which may implicate the merits of the cause of action. Miranda, 133 S.W.3d at 227;
Blue, 34 S.W.3d at 555 (confining evidentiary review to evidence that is relevant to the
jurisdictional issue); see City of Waco v. Kirwan, No. 08-0121, 2009 Tex. LEXIS 969, at *6
(Tex. Nov. 20, 2009). 

 A trial court's review of a plea to the jurisdiction challenging the existence of
jurisdictional facts mirrors that of a traditional motion for summary judgment. Miranda, 133
S.W.3d at 228; see Tex. R. Civ. P. 166a(c). The governmental unit is required to meet the
summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. 
Miranda, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff
is then required to show that there is a disputed material fact regarding the jurisdictional
issue. Id. If the evidence creates a fact question regarding jurisdiction, the trial court must
deny the plea to the jurisdiction and leave its resolution to the fact finder. Id. at 227-28. 
But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue,
the trial court rules on the plea to the jurisdiction as a matter of law. Id. at 228. 

 "In considering this evidence, we 'take as true all evidence favorable to the
nonmovant' and 'indulge every reasonable inference and resolve any doubts in the
nonmovant's favor.'" Kirwan, 2009 Tex. LEXIS 969, at *6 (quoting Miranda, 133 S.W.3d
at 228). Further, a defendant cannot simply deny the existence of jurisdictional facts and
force the plaintiff to raise a fact issue. See Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 207 (Tex. 2002); see also County of Cameron v. Brown, 80 S.W.3d 549, 555
(Tex. 2002) ("In deciding a plea to the jurisdiction, a court may not weigh the claims' merits
but must consider only the plaintiffs' pleadings and evidence pertinent to the jurisdictional
inquiry."). 

III. Analysis

A. Whether Garcia's Original Petition Contained Sufficient Jurisdictional Facts

 In its first issue, the District contends that Garcia failed to allege in her original
petition sufficient jurisdictional facts to make out a prima facie case of discrimination or
retaliation. Garcia counters that the pleadings sufficiently invoke the subject-matter
jurisdiction of the trial court. Garcia further argues that the trial court's denial of the
District's plea to the jurisdiction was proper because the District is attempting to resolve the
underlying merits of the case, which is an inappropriate use of a plea to the jurisdiction.

 1. Applicable Law

 The TCHRA prohibits an employer from discharging or in any other way
discriminating against an employee because of the employee's race, color, disability,
religion, sex, national origin, or age. Tex. Lab. Code Ann. § 21.051 (Vernon 2006). 
Specifically, section 21.051 of the labor code provides the following:

 An employer commits an unlawful employment practice if because of race,
color, disability, religion, sex, national origin, or age the employer:

 

 (1) fails or refuses to hire an individual, discharges an individual, or
discriminates in any other manner against an individual in connection with
compensation or the terms, conditions, or privileges of employment; or 


 (2) limits, segregates, or classifies an employee or applicant for
employment in a manner that would deprive or tend to deprive an individual
of any employment opportunity or adversely affect in any other manner the
status of an employee.


Id. The TCHRA also prohibits employers from retaliating or discriminating against an
employee who: "(1) opposes discriminatory practice; (2) makes or files a charge; (3) files
a complaint; or (4) testifies, assists, or participates in any manner in an investigation,
proceeding, or hearing." Id. § 21.055 (Vernon 2006). Because one of the purposes of the
TCHRA is to correlate state law with federal law with respect to employment discrimination,
we may look to federal law in interpreting provisions of the TCHRA. See id. § 21.001
(Vernon 2006); see also M.D. Anderson Hosp. v. Tumor Inst. v. Willrich, 28 S.W.3d 22, 24
(Tex. 2000); NME Hosps., Inc. v. Rennels, 994 S.W.2d 142, 144 (Tex. 1999).

 2. Discussion

 In her original petition, Garcia noted that she first began working for the District in
October 1976, and "performed all the duties assigned to her with loyalty, dedication[,] and
hard work." However, on or about February 19, 2003, she was "wrongfully discharged by
a management employee of Defendant [the District] for illegal and discriminatory reasons,
including, but not limited to, participating in an investigation involving another district
employee . . . and for exercising her protected right to freedom of association." Garcia
further alleged that "she was discriminated against by the Defendant School District due
to her race and national origin, namely--Hispanic/Mexican-American descent,
gender--female, and due to her age, 48 (d.o.b.--06/15/1954)" and that "her termination
was part of a larger unwritten plan or scheme of the Defendant School District to
discriminate against older Hispanic female employees who were politically associated with
persons adverse to the Administration." Garcia also stated that "there was no legitimate
business justification for her termination" because she "had always performed a
satisfactory job for the Defendant during her employment . . . and that there was work
available and there continues to be work available which [Garcia] could perform" and that
she had fulfilled all statutory prerequisites before filing this action. 

 In response to Garcia's original petition, the District filed a plea to the jurisdiction,
which the trial court denied. The District contended that Garcia failed to allege
jurisdictional facts demonstrating that she had been discriminated or retaliated against by
the District. Specifically, the District argued that the trial court lacked subject-matter
jurisdiction over Garcia's discrimination claims because the employee selected to replace
Garcia is of the same gender, national origin, and race and is three years older than
Garcia. The District further argued that the trial court did not have subject-matter
jurisdiction over Garcia's retaliation claim because she "did not participate in an
investigation related to a claim brought pursuant to Chapter 21 [of the labor code]." 

 At the hearing on the District's plea to the jurisdiction, two affidavits were admitted
as part of the District's evidence. The first affidavit was executed by Dr. Rebecca Morrison,
the Director of Human Resources for the District, which averred that: (1) Dr. Morrison had
reviewed Garcia's employment records; (2) Garcia had served as "one of two
Community/Home School Liaisons for Veterans Memorial High School"; and (3) the next
person hired to fill Garcia's position was Zoila Longoria. The second affidavit, executed
by Longoria, provided the following personal information pertaining to Longoria: (1) her
birthday is April 14, 1951; (2) she is Hispanic; (3) she is a female; and (4) her national
origin is Mexican-American. Beyond its bare assertions at the hearing on the plea to the
jurisdiction, the District did not present any evidence addressing Garcia's retaliation claim.

 We find that the evidence submitted by the District merely attacks the merits of
Garcia's underlying causes of action and does not defeat subject-matter jurisdiction. See
Miranda, 133 S.W.3d at 228 ("We adhere to the fundamental precept that a court must not
proceed on the merits of a case until legitimate challenges to its jurisdiction have been
decided. . . . However, by reserving for the fact finder the resolution of disputed
jurisdictional facts that implicate the merits of the claim or defense, we preserve the parties'
right to present the merits of their case at trial."); see also Brown, 80 S.W.3d at 555. 
Accepting as true the factual allegations made by Garcia in her original petition, taking as
true all evidence favorable to Garcia, and indulging every reasonable inference and
resolving any doubts in Garcia's favor, we conclude that Garcia has pleaded sufficient facts
demonstrating that the trial court has subject-matter jurisdiction over this dispute, and
therefore, we cannot say that the trial court erred in denying the District's plea to the
jurisdiction. (3) See Kirwan, 2009 Tex. LEXIS 969, at *6; Miranda, 133 S.W.3d at 226, 228;
see also Crockett, 142 S.W.3d at 552. Accordingly, we overrule the District's first issue.

B. Whether Garcia Complied With Section 21.254 of the Labor Code

 By its second issue, the District asserts that Garcia failed to comply with the
mandatory and jurisdictional notice requirements contained in the TCHRA. See Tex. Lab.
Code Ann. § 21.254. Garcia contends that she filed suit within the sixty-day deadline
imposed by the TCHRA and that she exercised due diligence in serving the District with
notice of her lawsuit. 

 The labor code establishes two timelines with which an aggrieved employee must
comply. First, an employee must file an administrative complaint within 180 days of any
alleged discriminatory acts. See id. § 21.202(a) (Vernon 2006); Rice v. Russell-Stanley,
L.P., 131 S.W.3d 510, 513 (Tex. App.-Waco 2004, pet. denied); see also Schroeder v.
Tex. Iron Works, Inc., 813 S.W.2d 483, 485-86 (Tex. 1991). This requirement is
"mandatory and jurisdictional"; thus, "failing to comply deprives the court of subject[-]matter
jurisdiction." Schroeder, 813 S.W.2d at 486; Czerwinski v. Univ. of Tex. Health Sci. Ctr.,
116 S.W.3d 119, 121 (Tex. App.-Houston [14th Dist.] 2002, pet. denied); see Vela v.
Waco Indep. Sch. Dist., 69 S.W.3d 695, 700 (Tex. App.-Waco 2002, pet. withdrawn). 
Whether Garcia complied with this timeline is not in dispute in this case.

 Second, the employee must file suit within sixty days of receiving a right-to-sue letter
from the administrative agency. See Vela, 69 S.W.3d at 699; see also Tex. Lab. Code
Ann. § 21.254. The Texas Supreme Court has not addressed whether the sixty-day filing
period is jurisdictional. See Tex. Dep't of Criminal Justice v. Guard, No. 10-06-00065-CV,
2007 Tex. App. LEXIS 2859, at **7-8 (Tex. App.-Waco Apr. 11, 2007, no pet.) (mem. op.). 
Several of our sister courts, however, have concluded that the sixty-day filing period is not
jurisdictional. See id. at **9-10 (citing Tex. Dep't of Transp. v. Beckner, 74 S.W.3d 98, 103
(Tex. App.-Waco 2002, no pet.); Middleton v. Gould, 952 F. Supp. 435, 438 (S.D. Tex.
1996); Corner v. Gates of Cedar Hill, No. 3-00-CV-2499-N, 2002 U.S. Dist. LEXIS 16944,
at **6-7 (N.D. Tex. Sept. 9, 2002)); Windle v. Mary Kay, Inc., No. 05-02-00252-CV, 2003
Tex. App. LEXIS 5594, at *4 (Tex. App.-Dallas July 1, 2003, pet. denied) (mem. op.)
(holding that section 21.254 does not establish a jurisdictional bar; instead, it merely affects
a plaintiff's right to maintain suit under the TCHRA) (citing Lottinger v. Shell Oil Co., 143
F. Supp. 2d 743, 753 (S.D. Tex. 2001) (interpreting the TCHRA); Dubai Petroleum Co. v.
Kazi, 12 S.W.3d 71, 76-77 (Tex. 2000) (holding that section 71.031 of the civil practice and
remedies code is not a jurisdictional bar but affects a plaintiff's right to maintain a suit)). 

 We agree with our sister courts that section 21.254 does not establish a
jurisdictional bar but does affect Garcia's right to maintain a suit under the TCHRA. See
Beckner, 74 S.W.3d at 103 (holding that the forty-day filing period in a workers'
compensation case is a limitations period and not a jurisdiction bar and stating that
"statutory requirements are not 'jurisdictional' merely because they impose a mandatory
requirement on the plaintiff before judicial relief may be sought"); see also Guard, 2007
Tex. App. LEXIS 2859, at **7-9 (holding that "Chapter 21's 60-day filing period is not
jurisdictional" and "a filing period is not an act that must be performed prior to filing suit and
so is not a statutory prerequisite" (emphasis in original)); Windle, 2003 Tex. App. LEXIS
5594, at *4. Because we have concluded that the sixty-day filing period is not jurisdictional,
it cannot serve as the proper basis for a plea to the jurisdiction, and therefore, we cannot
address it on interlocutory appeal. (4) See Tex. Educ. Agency v. Donna Indep. Sch. Dist.,
221 S.W.3d 791, 796 n.3 (Tex. App.--Corpus Christi 2007, no pet.) ("The proper avenue
for raising the statute of limitations is a motion for summary judgment--not a plea to the
jurisdiction"); Instrument Specialities Co. v. Tex. Employment Comm'n, 924 S.W.2d 420,
421 (Tex. App.-Fort Worth 1996, writ denied) (raising service issue by motion for summary
judgment); see also Guard, 2007 Tex. App. LEXIS 2859, at *9 (citing Cozby v. City of
Waco, 110 S.W.3d 32, 35 (Tex. App.-Waco 2002, no pet.)). Accordingly, we overrule the
District's second issue. 

C. Whether the District is an "Employer" Within the Context of Chapter 21 of the
Labor Code


 In its third issue, the District argues that it is not subject to the waiver of immunity
contained in chapter 21 of the labor code because it is a school district and not an
"employer." See Tex. Lab. Code Ann. § 21.002(8). 

 On original submission, the Texas Supreme Court held that immunity is waived as
to a school district under chapter 21 of the labor code. See Garcia, 253 S.W.3d at 660;
see also Copperas Cove Indep. Sch. Dist. v. Brown, No. 10-09-00047-CV, 2009 Tex. App.
LEXIS 9814, at **1-2 (Tex. App.-Waco Dec. 30, 2009, no pet h.) (mem. op.) (rejecting a
school district's argument that school districts are not "employers" as defined by Chapter
21, and therefore, immunity is not waived). On appeal, the District essentially asks us to
reconsider the supreme court's resolution of this issue.

 We first note that the "law of the case" doctrine requires that "questions of law
decided on appeal to a court of last resort will govern the case throughout its subsequent
stages." Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986). Furthermore, this Court
is bound to follow the supreme court's resolution of this issue. See Lubbock County v.
Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of
a court of appeals to abrogate or modify established precedent. . . . That function lies
solely with this Court. . . . Generally, the doctrine of stare decisis dictates that once the
Supreme Court announces a proposition of law, the decision is considered binding
precedent."). 

 The District argues that Garcia is not the "law of the case" because the specific
issue of whether a school district is immune under the TCHRA was never fully briefed or
argued. It further argues that the supreme court's more recent decision in Harris County
Hospital District v. Tomball Regional Hospital calls Garcia into question. See 283 S.W.3d
838 (Tex. 2009). We are unpersuaded by these arguments. Notwithstanding the lack of
briefing or argument, the supreme court considered the waiver issue (5) and concluded that
the "TCHRA clearly and unambiguously waives immunity." Garcia, 253 S.W.3d at 660. 
Thus, we must conclude that the definition of "employer" in chapter 21 of the labor code
includes school districts, and therefore, immunity is waived. (6) Accordingly, we overrule the
District's third issue. 

IV. Conclusion

 Having overruled all of the District's issues on appeal, we affirm the judgment of the
trial court.

 


 

 DORI CONTRERAS GARZA,

 Justice


Delivered and filed the

28th day of January, 2010.
1. Garcia filed her original petition on July 2, 2004, asserting various wrongful termination, defamation,
negligent misrepresentation, and fraudulent misrepresentation claims. The record does not contain
information regarding the status of Sotuyo's and Medina's lawsuits; however, they are not parties to this
appeal. Furthermore, Garcia acknowledges on appeal that Dyer was dismissed from the underlying suit. 
2. We are compelled to note that the District's jurisdictional complaints raised in the plea to the
jurisdiction at bar could have been raised in the initial plea to the jurisdiction filed in 2004. While there appears
to be no prohibition on such a piecemeal approach, this practice should be discouraged because of the
inevitable delay and additional expense. See Tex. Civ. Prac. & Rem. Code Ann. § 10.001(1) (Vernon 2002)
(providing, among other things, that "[t]he signing of a pleading or motion . . . constitutes a certificate by the
signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry . .
. the pleading or motion is not being presented for any improper purpose, including to harass or to cause
unnecessary delay or needless increase in the cost of litigation . . . ") (emphasis added); see also Columbia
Med. Ctr. of Las Colinas, Inc. v. Hogue, 271 S.W.3d 238, 258 (Tex. 2008) (Brister, J., concurring) (quoting
Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 651 (1958) ("'Our courts have always frowned upon piecemeal
trials, deeming the public interest, the interests of litigants[,] and the administration of justice to be better
served by rules of trial which avoid a multiplicity of suits.'")); Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 30 n.29
(Tex. 1994) ("[W]e remain resolute that piecemeal trials as a general rule should be avoided . . . .").
3. Our conclusion is further supported by the supreme court's determination that the District is not
immune from suit within the context of the TCHRA. See Mission Consol. Indep. Sch. Dist. v. Garcia, 253
S.W.3d 653, 660 (Tex. 2008); see also Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex.
2004) (holding that immunity from suit deprives a court of subject-matter jurisdiction); Sweeny Cmty. Hosp.
v. Mendez, 226 S.W.3d 584, 589 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (same).
4. The District argues that Garcia's alleged failure to notify the District of her suit within the sixty-day
filing period deprived the trial court of subject-matter jurisdiction, considering section 311.034 of the
government code provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are
jurisdictional requirements in all suits against a governmental entity." See Tex. Gov't Code Ann. § 311.034
(Vernon Supp. 2009). However, the language referenced by the District was not included in the version of
section 311.034 that was in effect when Garcia filed suit on July 2, 2004. See Act of June 15, 2001, 77th Leg.,
R.S., ch. 1158, § 8, 2001 Tex. Gen. Laws 2374, 2433 (amended 2005) (current version at Tex. Gov't Code
Ann. § 311.034). In fact, the predecessor to section 311.034 provided the following:


 Sec. 311.034 WAIVER OF SOVEREIGN IMMUNITY

 

 In order to preserve the legislature's interest in managing state fiscal matters through the
appropriations process, a statute shall not be construed as a waiver of sovereign immunity
unless the waiver is effected by clear and unambiguous language. In a statute, the use of
"person" as defined by Section 311.005 to include governmental entities does not indicate
legislative intent to waive sovereign immunity unless the context of the statute indicates no
other reasonable construction.


Id. Because the predecessor to section 311.034 is silent as to statutory prerequisites and jurisdictional
requirements, we do not consider the District's argument to be persuasive.
5. "Here, Garcia alleges that the Legislature waived the ISD's immunity in the TCHRA." Garcia, 253
S.W.3d at 660.
6. We also note that the District, in arguing that it is not an "employer" within the context of Chapter 21
of the labor code, argues that it is neither a "political subdivision" of the State of Texas nor a "state
instrumentality." If this were true, then, in reconciling chapter 21 of the labor code with section 51.014 of the
civil practice and remedies code (the statute authorizing certain interlocutory appeals), the District would not
be entitled to appeal the trial court's interlocutory order in this case. Compare Tex. Lab. Code Ann. §
21.002(8) with Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (providing that a governmental unit as defined
by section 101.001 of the civil practice and remedies code may appeal from an interlocutory order granting
or denying a plea to the jurisdiction); see Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (defining a
"[g]overnmental unit" as "a political subdivision of this state including any . . . school district . . . ") (emphasis
added).