In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00161-CV
_____

VETTE HOLDINGS, L.L.C. AND TIMBER CROSSING, L.P., Appellants

V.

TEXAS WORKFORCE COMMISSION AND ANGEL MENDEZ, Appellees

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 13-07-06960 CV

**MEMORANDUM OPINION**

After the Texas Workforce Commission (the "Commission") determined that Angel Mendez was entitled to unemployment benefits, appellants Vette Holdings, L.L.C. and Timber Crossing, L.P. appealed the decision to the County Court at Law No. 2. The Commission filed a plea to the jurisdiction, which the trial court granted. In a single issue, appellants challenge the trial court's decision to grant the Commission's plea to the jurisdiction. We affirm the trial court's order dismissing appellants' lawsuit.

1

"Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Accordingly, we review a trial court's ruling on a plea to the jurisdiction under a *de novo* standard. *Id*. In its plea to the jurisdiction, the Commission acknowledged that section 212.201 of the Texas Labor Code waives a governmental entity's immunity from suit; however, suit must be filed in the county of the claimant's residence, and the Commission argues that appellants failed to timely file in the proper county. Appellants filed suit in Montgomery County, but Mendez resides in Harris County. Relying on section 61.062 of the Texas Labor Code, appellants responded that the filing requirement is not jurisdictional. The trial court disagreed and dismissed the case for lack of jurisdiction.

On appeal, appellants contend that Chapter 61 of the Texas Labor Code applies to this case and that its filing requirement is a question of venue, not jurisdiction.[1] Chapter 61 "contains all of the procedural requirements for maintaining actions under the Payday Act, which governs individuals' claims for earned but unpaid wages, independent of employment status or unemployment benefits." *Instrument Specialties Co., Inc. v. Tex. Emp't Comm'n*, 924 S.W.2d 420, 422 (Tex. App.—Fort Worth 1996, writ denied); *see* Tex. Lab. Code Ann. § 61.062

---

[1]Appellants cited section 61.062 in their petition.

(West 2006). Appeals from a Commission decision regarding these types of claims must be filed in the county of the claimant's residence. Tex. Lab. Code Ann. § 61.062(d). The Dallas Court of Appeals has found that this filing requirement is not jurisdictional. *Kshatrya v. Tex. Workforce Comm'n*, 97 S.W.3d 825, 831 (Tex. App.—Dallas 2003, no pet.).

Unlike Chapter 61, Chapter 212 of the Labor Code applies to suits brought under the Texas Unemployment Compensation Act. *Instrument Specialties Co.*, 924 S.W.2d at 422. Section 212.201 "establishes jurisdictional prerequisites for appealing a TWC decision granting or denying benefits." *Richardson v. Tex. Workforce Comm'n*, No. 01-13-00403-CV, 2014 Tex. App. LEXIS 6115, at *5 (Tex. App.—Houston [1st Dist.] June 5, 2014, pet. denied) (mem. op.); *see Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 929 (Tex. App.—Dallas 2013, no pet.); *see also Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 837 (Tex. App.—Austin 2003, pet. denied). An aggrieved party may appeal a final decision of the Commission by bringing suit in a court of competent jurisdiction on or after the date on which the decision is final, but no later than the fourteenth day after the finality date. Tex. Lab. Code Ann. § 212.201(a) (West 2006). The suit must be filed in the county of the claimant's residence. *Id*. § 212.204(1) (West 2015). Failure to meet section 212.201's jurisdictional requirements precludes judicial review of the

3

Commission's decision regarding unemployment benefits. *Richardson*, 2014 Tex. App. LEXIS 6115, at *6.

In this case, the Commission determined that Mendez was entitled to receive unemployment benefits from appellants. The Commission advised appellants of their right to appeal under Chapter 212. Because this case deals with unemployment benefits, Chapter 212 applies and appellants' reliance on Chapter 61 is misplaced. *See Richardson*, 2014 Tex. App. LEXIS 6115, at *5; *see also Instrument Specialties Co.*, 924 S.W.2d at 422. Appellants were required to comply with section 212.201's jurisdictional requirements. *See Richardson*, 2014 Tex. App. LEXIS 6115, at *6; *see also* Tex. Gov't Code Ann. § 311.034 (West 2013) ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity.").

The Commission's judgment became final on June 20, 2013. *See* Tex. Lab. Code Ann § 212.201(a). Appellants timely filed their petition on July 2, but in the incorrect county, and the record does not indicate that appellants sought to file in the correct county before expiration of the statutory filing deadline. Because appellants failed to file suit in the proper county within the statutory deadline, the trial court properly granted the Commission's plea to the jurisdiction. *See King*, 116 S.W.3d at 835-37 (When King timely filed suit in the wrong county and filed

4

in the correct county only after the statutory deadline had passed, the trial court should have granted the Commission's plea to the jurisdiction.). We overrule issue one and affirm the trial court's order dismissing appellants' lawsuit for lack of jurisdiction.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 23, 2015
Opinion Delivered May 7, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.