**MISSION CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Gloria GARCIA, Appellee.**

**Mission Consolidated Independent School District, Appellant,**

v.

**Melinda Sotuyo, Appellee.**

**Mission Consolidated Independent School District, Appellant,**

v.

**Deborah Medina, Appellee.**

Nos. 13–04–668–CV, 13–05–021– CV, 13–05–060–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 30, 2005.

Rehearing Overruled July 21, 2005.

David P. Hansen, Schwartz & Eichelbaum, Austin, for appellant.

Carlos E. Hernandez, Edinburg, Savannah L. Robinson, Danbury, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

**OPINION**

Opinion by Justice RODRIGUEZ.

This opinion addresses three separate interlocutory appeals.[1] Appellees, Gloria

Garcia, Melinda Sotuyo and Deborah Medina, each filed a wrongful termination lawsuit against appellant, Mission Consolidated Independent School District (MCISD) and its superintendent, H.F. "Jackie" Dyer.[2] MCISD filed a plea to the jurisdiction in each case asserting immunity under section 101.106 of the Texas Civil Practice and Remedies Code. The trial courts denied appellant's pleas, and this appeal ensued. Because we find that section 101.106 does not apply to the facts of this case, we affirm the orders of the trial courts.[3]

By four issues, appellant contends that its pleas to the jurisdiction should not have been denied because the plain language of section 101.106(b) grants MCISD immunity from suit. Appellees argue that section 101.106(b) does not apply to the facts of this case. The resolution of this case is a matter of statutory construction.

We review matters of statutory construction de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003); *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). In construing a statute, our primary objective is to determine and give effect to the Legislature's intent. *Tex. Dep't. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004); *City of San Antonio*, 111 S.W.3d at 25; *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002); *see* TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998). In discerning that intent, we look first to the plain and common meaning of the statute's words. *Gonzalez*, 82 S.W.3d at 327. We determine legislative

1. This Court has jurisdiction pursuant to section 51.014(a)(5) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp. 2004–05).

2. Dyer is not a party to this appeal.

3. The three cases were consolidated for briefing purposes on appeal. Because the cases arise from the same fact situation and present similar issues for our review, they will be disposed of in a single opinion.

intent from the entire act and not just isolated portions of the act. *City of Sunset Valley,* 146 S.W.3d at 642; *City of San Antonio,* 111 S.W.3d at 25. If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *City of Sunset Valley,* 146 S.W.3d at 642. We are mindful that "every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible." *Perkins v. State,* 367 S.W.2d 140, 146 (Tex.1963). We should also presume the Legislature intended a "result feasible of execution" when it enacted the statute. *In re Mo. Pac. R.R. Co.,* 998 S.W.2d 212, 216 (Tex.1999). We also consider the objective the statute seeks to obtain and the consequences of a particular construction. *Id.; see* TEX. GOV'T CODE ANN. § 311.023(3),(5) (Vernon 1998). With these principles in mind, we turn to the statutory language to be construed.

■ Section 101.106 of the civil practice and remedies code reads as follows:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005).

Appellant argues that according to the plain language of section 101.106(b), suit is barred as to MCISD because each suit was also filed against Dyer, MCISD's employee. We disagree. Reading the entire section and giving effect to each sentence, clause and word as we are required to do, it is apparent that section 101.106 generally does not apply in this case.

Reading section 101.106 in its entirety, we find the applicability of each subsection is determined by the party the plaintiff chooses to sue. Section 101.106 is a com-

prehensive statute which specifically deals with possible options regarding the parties to a Texas Tort Claims Act suit: (1) when suit is filed against the governmental unit, suit or recovery against the individual employee regarding the same subject matter is barred by section 101.106(a); (2) when suit is filed against the government employee, suit or recovery by the plaintiff against the governmental unit regarding the same subject matter is barred absent consent of the governmental unit by section 101.106(b); and (3) when suit is filed against both the employee and governmental unit, suit against the employee shall immediately be dismissed on the governmental unit's filing of a motion to dismiss under section 101.106(e). *Villasan v. O'Rourke,* No. 09–04–409 CV, 166 S.W.3d 752, 759, 2005 WL 1242164, at *4, 2005 Tex.App. LEXIS 4022, at *10–11 (Tex. App.-Beaumont, May 26, 2005, no pet. h.). Looking at the plain language of the statute, we find this is the only conclusion to be drawn which gives effect to each subsection and leads to a result feasible of execution. *See City of Sunset Valley,* 146 S.W.3d at 642; *City of San Antonio,* 111 S.W.3d at 25; *Gonzalez,* 82 S.W.3d at 327; *In re Mo. Pac. R.R. Co.,* 998 S.W.2d at 216.

Appellees each filed their petition naming both MCISD and Dyer as defendants. Therefore, only subsection (e) could apply. However, subsection (e) applies only if "a suit is filed under this chapter." Reviewing the record we find that no claims were brought pursuant to the tort claims act.[4] Therefore, subsection (e), the only potentially applicable subsection under 101.106, does not apply.

Furthermore, contrary to appellant's argument, we do not believe section 101.106(b) can be read to apply to claims brought outside of the tort claims act. The legislature did not include any language within section 101.106 specifically, or the tort claims act in general, which would suggest that 101.106(b) applies to any cause of action. Because section 101.106 is part of the tort claims act, and in light of the language in the corresponding subsections limiting application to suits filed under chapter 101, we cannot conclude that section 101.106(b) was intended to apply to any claims other than those brought pursuant to the tort claims act. Since no claims were brought under the tort claims act in this case, we conclude section 101.106 does not apply.

Because section 101.106 was the basis for appellant's plea to the jurisdiction and we determined that it is not applicable in this case, we find the trial courts did not err in denying appellant's pleas to the jurisdiction. Appellant's issues are overruled.

Accordingly, the orders of the trial courts are affirmed.

4. Appellees allege causes of action pursuant to common law and chapter 21 of the Texas Labor Code (Texas Commission on Human Rights Act). *See* TEX. LAB.CODE ANN. § 21.001 et seq. (Vernon Supp.2004–05).