

NUMBER 13-09-00458-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MISSION CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT,**                                                    **Appellant,**

**v.**

**GLORIA GARCIA,**                                                                          **Appellee.**

**On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.**

# OPINION ON REHEARING

**Before Justices Rodriguez, Garza, and Benavides
Opinion on Rehearing by Justice Garza**

We grant the motion for rehearing filed by appellant, Mission Consolidated Independent School District (the "District"), vacate and withdraw our previous opinion and judgment dated January 28, 2010, and issue this opinion in its place.

In this accelerated interlocutory appeal, the District challenges the trial court's denial of a plea to the jurisdiction in favor of appellee, Gloria Garcia. By four issues, which can be properly categorized as three, the District argues that the trial court erred in denying its plea to the jurisdiction because: (1) Garcia failed to present evidence to raise a fact issue in response to its plea based on the absence of jurisdictional facts; (2) Garcia's lawsuit was not timely filed under the Texas Commission on Human Rights Act ("TCHRA"), *see* TEX.

LAB. CODE ANN. § 21.254 (Vernon 2006); and (3) the District is not an "employer" within the context of the TCHRA, and, thus, there is no waiver of sovereign immunity. We affirm in part and reverse and render in part.

## I. BACKGROUND

Initially, this case involved three terminated school-district employees—Garcia, Melinda Sotuyo, and Deborah Medina—who filed separate lawsuits against the District and its superintendent, H.F. "Jackie" Dyer, alleging violations of the TCHRA and various common-law claims.[1] *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 166 S.W.3d 902, 903 (Tex. App.–Corpus Christi 2005), *aff'd in part, rev'd in part*, 253 S.W.3d 653 (Tex. 2008). The District filed a plea to the jurisdiction in each case asserting immunity under section 101.106 of the Texas Tort Claims Act, and the trial court denied the District's pleas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2005). On original submission to this Court, the cases were consolidated. We affirmed the trial court's denial of the pleas, concluding that section 101.106 of the Texas Tort Claims Act did not apply to the underlying claims. *See Garcia*, 166 S.W.3d at 905.

On further appeal, the supreme court concluded that: (1) the Texas Tort Claims Act's election-of-remedies provision governs all lawsuits filed against a governmental unit; (2) the employees' common-law claims against the District and the superintendent were barred by the Texas Tort Claims Act's election-of-remedies provision; and (3) the Texas Tort Claims Act's election scheme did not bar the employees' recovery under the TCHRA "because the Legislature has consented to suits against the government under the TCHRA . . . and a suit that is based on the TCHRA is not one brought under the [Texas] Tort Claims Act." *Garcia*, 253 S.W.3d at 654, 660-61 (stating, in particular, that "[w]hile this Court has not previously addressed the issue, all the courts of appeals that have considered it have concluded that the TCHRA clearly and unambiguously waives immunity,

---

[1] Garcia filed her original petition on July 2, 2004, asserting wrongful termination, defamation, negligent misrepresentation, and fraudulent misrepresentation claims. Sotuyo and Medina are not parties to this appeal. Garcia acknowledges on appeal that Dyer was dismissed from the underlying suit.

and we agree. . . . In this case . . . Garcia's TCHRA claims against the ISD survive").

On remand, the District filed another plea to the jurisdiction[2] contending that: (1) Garcia failed to present evidence to raise a fact issue in response to its plea based on the absence of jurisdictional facts; (2) Garcia failed to comply with the notice provisions contained in the TCHRA, *see* TEX. LAB. CODE ANN. § 21.254; and (3) the District is not an "employer" within the context of the TCHRA, and, therefore, the trial court lacked subject matter jurisdiction over Garcia's claims. *See id.* § 21.002(8) (Vernon Supp. 2009). After a hearing, the trial court denied the District's plea to the jurisdiction. Thereafter, the District filed a request for findings of fact and conclusions of law. The trial court did not issue any fact findings or conclusions; this accelerated interlocutory appeal ensued. *See* TEX. R. APP. P. 28.1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8) (Vernon 2008), 101.001(3)(B) (Vernon 2005).

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855

---

[2] We are compelled to note that the District's jurisdictional complaints raised in the plea to the jurisdiction at bar could have been raised in the initial plea to the jurisdiction filed in 2004. While there appears to be no prohibition on such a piecemeal approach, this practice should be discouraged because of the inevitable delay and additional expense. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1) (Vernon 2002) (providing, among other things, that "[t]he signing of a pleading or motion . . . constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry . . . the pleading or motion is not being presented for any improper purpose, including to harass or *to cause unnecessary delay or needless increase in the cost of litigation* . . .") (emphasis added); *see also Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 258 (Tex. 2008) (Brister, J., concurring) (quoting *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 651 (1958) ("'Our courts have always frowned upon piecemeal trials, deeming the public interest, the interests of litigants[,] and the administration of justice to be better served by rules of trial which avoid a multiplicity of suits.'")); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 n.29 (Tex. 1994) ("[W]e remain resolute that piecemeal trials as a general rule should be avoided . . . .").

3

(Tex. 2002).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.–Fort Worth 2003, pet. denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.–Fort Worth 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even those facts which may implicate the merits of the cause of action. *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555 (confining evidentiary review to evidence that is relevant to the jurisdictional issue); *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *see* TEX. R. CIV. P. 166a(c). The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227-28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

"In considering this evidence, we 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Kirwan*, 298 S.W.3d at 622 (quoting *Miranda*, 133 S.W.3d at 228). Further, a defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193,

4

207 (Tex. 2002); *see also County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) ("In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and evidence pertinent to the jurisdictional inquiry.").

## III. DISCUSSION

### A. Whether Garcia Failed to Raise a Fact Issue as to Jurisdictional Facts

In its first issue, the District contends that Garcia presented no evidence to raise a fact issue in response to its plea to the jurisdiction based on the absence of jurisdictional facts. The District argues that it conclusively disproved essential elements of each of Garcia's causes of action based on the evidence it presented to the trial court. Garcia counters that her pleadings sufficiently invoke the subject matter jurisdiction of the trial court and that the trial court's denial of the District's plea to the jurisdiction was proper because the District is attempting to resolve the underlying merits of the case, which is an inappropriate use of a plea to the jurisdiction.

In her original petition, Garcia noted that she first began working for the District in October 1976, and "performed all the duties assigned to her with loyalty, dedication[,] and hard work." However, on or about February 19, 2003, she was "wrongfully discharged by a management employee of [the District] for illegal and discriminatory reasons, including, but not limited to, participating in an investigation involving another district employee . . . and for exercising her protected right to freedom of association." Garcia further alleged that "she was discriminated against by the Defendant School District due to her race and national origin, namely—Hispanic/Mexican-American descent, gender—female, and due to her age, 48 (d.o.b.—06/15/1954)" and that "her termination was part of a larger unwritten plan or scheme of the Defendant School District to discriminate against older Hispanic female employees who were politically associated with persons adverse to the Administration." Garcia also stated that "there was no legitimate business justification for her termination" because she "had always performed a satisfactory job for the Defendant during her employment," that "there was work available and there continues to be work available which [Garcia] could perform," and that she had fulfilled all statutory prerequisites

5

before filing this action.

In response to Garcia's original petition, the District filed a plea to the jurisdiction challenging Garcia's jurisdictional facts. The District argued that the trial court lacked subject matter jurisdiction over Garcia's discrimination claims because the employee selected to replace Garcia is of the same gender, national origin, and race and is three years older than Garcia. The District further argued that the trial court did not have subject matter jurisdiction over Garcia's retaliation claim because she "did not participate in an investigation related to a claim brought pursuant to Chapter 21 [of the labor code]."

At the hearing on the District's plea to the jurisdiction, two affidavits were admitted as part of the District's evidence. The first affidavit was executed by Rebecca Morrison, the Director of Human Resources for the District, who averred that: (1) she had reviewed Garcia's employment records; (2) Garcia had served as "one of two Community/Home School Liaisons for Veterans Memorial High School"; and (3) the next person hired to fill that position was Zoila Longoria. The second affidavit, executed by Longoria, provided that: (1) Longoria's birthday is April 14, 1951; (2) she is Hispanic; (3) she is a female; and (4) her national origin is Mexican-American. The District did not present any evidence pertinent to Garcia's retaliation claim.

### 1. Applicable Law

The TCHRA prohibits an employer from discharging or in any other way discriminating against an employee because of the employee's race, color, disability, religion, sex, national origin, or age. TEX. LAB. CODE ANN. § 21.051 (Vernon 2006). Specifically, section 21.051 of the labor code provides the following:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any

6

other manner the status of an employee.

*Id.* The TCHRA also prohibits employers from retaliating or discriminating against an employee who engages in certain protected activities under chapter 21 of the labor code. *Id.* § 21.055 (Vernon 2006). In enacting the TCHRA, the Legislature intended to correlate state law with federal law with respect to employment discrimination; therefore, we look to federal law in interpreting provisions of the TCHRA. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000); *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999).

In order to properly invoke the TCHRA's limited waiver of governmental immunity, Garcia must have shown a prima facie case of discrimination or retaliation as provided under that statute. *See* TEX. LAB. CODE ANN. § 21.051. Accordingly, the trial court's subject matter jurisdiction will be defeated if the District can conclusively negate any element of Garcia's prima facie case of discrimination under the TCHRA. *See Miranda*, 133 S.W.3d at 228 (requiring governmental unit, in asserting a plea to the jurisdiction, to meet the summary judgment standard of proof); *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995) ("A defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to summary judgment as to that cause of action."). We now review the evidence submitted to resolve the jurisdictional issues, with respect to each of Garcia's claims, as the trial court was required to do. *See Miranda,* 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555.

### 2. Analysis

#### a. Age Discrimination

To establish a prima facie case of age discrimination, a plaintiff must show: (1) that she was discharged; (2) that she was qualified for the position; (3) that she was in the protected class at the time of her discharge; and (4) that she was replaced by someone outside the protected class or by someone younger, or otherwise show that she was discharged because of age. *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252 (1981); *Bienkowski v. Am. Airlines*, 851 F.2d 1503, 1505 (5th Cir. 1988); *Stanley Stores,*

*Inc. v. Chavana,* 909 S.W.2d 554, 559 (Tex. App.–Corpus Christi 1995, writ denied); *Adams v. Valley Fed. Credit Union,* 848 S.W.2d 182, 186 (Tex. App.–Corpus Christi 1992, writ denied).

The District submitted evidence that the person next hired to fill Garcia's position was three years older than Garcia. Garcia did not offer any controverting evidence. The District argues that Garcia failed to create a fact issue that she was replaced by someone outside the protected class or by someone younger and that she, therefore, failed to establish the fourth element of her prima facie case. We agree that Garcia did not create a fact issue with regard to her age or Longoria's age. However, undisputed evidence of the ages of the respective individuals is not, in and of itself, dispositive of Garcia's claim. Garcia could establish the fourth element of a prima facie age discrimination claim by showing that she was terminated because of her age, regardless of whether she was replaced by someone younger. *See Bienkowski*, 851 F.2d at 1504-05; *Adams*, 848 S.W.2d at 186 (stating that the fourth element of a prima facie age discrimination claim is "that [plaintiff] was replaced by someone outside the protected class, or by someone younger *or* otherwise show that she was discharged because of age" (emphasis added)); *see also O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (holding, in the context of an age discrimination claim under the federal Age Discrimination in Employment Act, that whether "one member of the protected class lost out to another member is irrelevant, *so long as he lost out because of his age*").

In Garcia's original petition, she alleged she was discriminated against by the District "due to her age" and that "her termination was part of a larger unwritten plan or scheme of the Defendant School District to discriminate against older Hispanic female employees who were politically associated with persons adverse to the Administration." The District did not bring forth evidence challenging Garcia's claim that she was terminated due to her age

other than to show that she was replaced by an older employee.[3] Under the applicable law regarding age discrimination claims, that proof was not sufficient to conclusively negate the fourth element of Garcia's age discrimination claim. *See Miranda*, 133 S.W.3d at 228; *Randall's Food Mkts.*, 891 S.W.2d at 644. Accordingly, the trial court was correct to rely on Garcia's pleadings—including her broad assertion that she was discriminated against "due to her age"—and to deny the District's plea as to Garcia's age discrimination claim. *See Miranda*, 133 S.W.3d at 228. The District's issue as to Garcia's age discrimination claim is overruled.

### b. Sex, National Origin and Race Discrimination

To establish a prima facie case of wrongful discharge based on sex, national origin or race discrimination, Garcia was required to show that: (1) she is a member of a protected class; (2) she was qualified for the position that she held before being discharged; (3) she was discharged; and (4) her employer filled the position with a person who is not a member of the protected class. *Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 468 (5th Cir. 2002) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 & n.13 (1973)*; Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990)) (sex discrimination); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999); *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 184 (5th Cir. 1999); *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570 (5th Cir. 1982)) (national origin and race discrimination).[4] The District

---

[3] We note that if the District also provided an affidavit or deposition testimony by the appropriate District personnel attesting that Garcia was not "otherwise . . . discharged because of age," that would have been sufficient to negate Garcia's prima facie age discrimination claim. *See Bienkowski v. Am. Airlines*, 851 F.2d 1503, 1504-05 (5th Cir. 1988); *Stanley Stores, Inc. v. Chavana*, 909 S.W.2d 554, 559 (Tex. App.–Corpus Christi 1995, writ denied); *Adams v. Valley Fed. Credit Union*, 848 S.W.2d 182, 186 (Tex. App.–Corpus Christi 1992, writ denied). At that point, the burden would have shifted to Garcia to bring forth evidence to create a fact issue as to her prima facie case in order to avoid dismissal for lack of subject matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

[4] A plaintiff may also prove a prima facie case of sex and national origin or race discrimination by showing that: (1) she is a member of a protected class; (2) she was qualified for her position; and (3) persons outside of the class were treated more favorably. *Johnson v. Hoechst Celanese Corp.*, 127 S.W.3d 875, 880 n.4 (Tex. App.–Corpus Christi 2004, no pet.) (citing *Harvey v. Chevron U.S.A., Inc.*, 961 F. Supp. 1017, 1026 (S.D. Tex. 1997)) (sex discrimination); *Greathouse v. Alvin Indep. Sch. Dist.*, 17 S.W.3d 419, 423 (Tex. App.–Houston [1st. Dist.] 2000, no pet.) (national origin and race discrimination). Here, Garcia's original petition did not specifically assert that persons outside of her protected class were treated more favorably.

presented undisputed evidence to the trial court that Garcia was replaced by a Hispanic female of Mexican descent; that is, she was replaced by a member of the protected class.[5] Because Garcia did not submit any evidence creating a fact issue as to this element, the trial court should have granted the District's plea to the jurisdiction as to Garcia's sex, national origin, and race discrimination claims. *See Miranda*, 133 S.W.3d at 228 (stating that "if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law"). The District's issue as to Garcia's sex, national origin, and race discrimination claims is therefore sustained.

### c. Retaliation

Section 21.055 of the labor code establishes that an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who files a charge of discrimination. *See* TEX. LABOR CODE ANN. § 21.055 (Vernon 2006). In an action arising under chapter 21 of the labor code, the plaintiff must first make a prima facie showing that: (1) she engaged in a protected activity; (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse action. *Dias v. Goodman Mfg. Co., L.P.,* 214 S.W.3d 672, 676 (Tex. App.–Houston [14th Dist.] 2000, pet. denied); *Wal-Mart Stores, Inc. v. Lane*, 31 S.W.3d 282, 295 (Tex. App.–Corpus Christi 2000, pet. denied). Under the statute, an employee engages in a protected activity only if the employee, under chapter 21 of the labor code: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding or hearing. TEX.

---

Accordingly, she was required to show that her employer filled her position with a person outside of her protected class. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

[5] The fourth element of a prima facie sex, national origin or race discrimination claim can only be satisfied with a showing that the plaintiff was replaced by a person who is not a member of the protected class. *See Raggs*, 278 F.3d at 468; *Okoye*, 245 F.3d at 512-13. This stands in contrast to the law regarding age discrimination claims, where the corresponding element may be satisfied by a showing that the plaintiff was "otherwise" discriminated against due to age, even if the replacement was older than the plaintiff. *See Bienkowski*, 851 F.2d at 1504-05; *Chavana*, 909 S.W.2d at 559; *Adams*, 848 S.W.2d at 186.

LABOR CODE ANN. § 21.055.

In her original petition, Garcia alleged that she suffered retaliation in the form of wrongful discharge for "participating in an investigation involving another district employee, namely Mona Parras[,] and for exercising her protected right to freedom of association." The District claims that Garcia's pleadings are insufficient to confer jurisdiction on the court because she merely alleged participation in "an investigation." According to the District, "this is not enough because the investigation that is at issue must be one that is brought under Texas Labor Code Chapter 21." *See id.* The District further claims on appeal that Garcia "judicially admitted that the only Chapter 21 investigation that is related to her case was her own claim with the Texas Commission on Human Rights" which she initiated on October 10, 2003, almost eight months after her termination. It argues that "it is logically impossible that she was terminated because of something that happened 8 months after her termination."

We agree with the District that the protected activity at issue must fall within the scope of chapter 21. *See id.* (prefacing list of protected activities with "under this chapter"); *Dias*, 214 S.W.3d at 681. However, we do not agree with the District's representation of the record. Nowhere in Garcia's petition does she admit that the only chapter 21 investigation in which she participated was her own. While it is true that Garcia's pleading is vague, and could perhaps be the subject of special exceptions, the District did not submit any evidence to challenge Garcia's allegation that she personally participated in the Parras investigation. Moreover, although Garcia generally pleaded retaliation based on her participation in "an investigation," she did reference section 21.055 of the labor code later in her pleadings, thus suggesting that the investigation in which she participated was indeed brought under labor code chapter 21. We conclude that Garcia's pleadings alleged sufficient facts to support the trial court's subject matter jurisdiction over her retaliation claim. The District's issue as to Garcia's retaliation claim is overruled.

**B.    Whether Garcia Complied With Labor Code Section 21.254**

By its second issue, the District asserts that Garcia failed to comply with the

mandatory and jurisdictional notice requirements contained in the TCHRA. *See* TEX. LAB. CODE ANN. § 21.254. Garcia contends that she filed suit within the sixty-day deadline imposed by the TCHRA and that she exercised due diligence in serving the District with notice of her lawsuit.

The TCHRA provides that an employee must file suit within sixty days of receiving a right-to-sue letter from the civil rights division of the Texas Workforce Commission. *See* TEX. LAB. CODE ANN. § 21.254. Although the Texas Supreme Court has not directly addressed whether this sixty-day filing period is jurisdictional, the Court recently concluded that a different TCHRA provision, allowing a two-year period for a complainant to file suit after initially making the complaint, *see id.* § 22.256 (Vernon 2006), is "mandatory but not jurisdictional." *In re United Servs. Auto. Ass'n*, No. 07-0871, 2010 Tex. LEXIS 282, at *24 (Tex. Mar. 26, 2010) (overruling *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 487 n.10 (Tex. 1991) (holding that the time period for filing a TCHRA lawsuit is "mandatory and jurisdictional.")). The Court noted that, absent "clear legislative intent to the contrary," we must presume "that the Legislature did not intend to make the [provision] jurisdictional." *Id.* at *16 (quoting *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009)).[6] In the case of section 22.256's two-year deadline for filing suit after the initial complaint, "the statute does not indicate that the provision is jurisdictional or that the consequence of noncompliance is dismissal." *Id.* at *18. The Court further noted that "[o]ne of the primary goals of the statute is to coordinate state law with federal law in the area of employment discrimination," *id.* at *19 (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000)), and that "[t]he United States Supreme Court has consistently construed [the] requirements [of Title VII of the Civil Rights Act of 1964] as mandatory but not jurisdictional." *Id.* at *20 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006); *Irwin v.*

---

[6] The Court also noted that, in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000), it observed that "[t]he classification of a matter as one of jurisdiction . . . opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment" and that "the modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." *In re United Servs. Auto. Ass'n*, No. 07-0871, 2010 Tex. LEXIS 282, at *12-13 (Tex. Mar. 26, 2010) (quoting *Dubai*, 12 S.W.3d at 76).

*Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 349 n.3 (1983); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

The same reasoning holds here. Section 21.254 does not explicitly say that failure to comply with the sixty-day deadline for a complainant to file suit after receiving a right-to-sue letter compels dismissal of the complainant's suit or deprives the trial court of jurisdiction. *See* TEX. LAB. CODE ANN. § 21.254.[7] We therefore conclude that the sixty-day filing period contained in section 21.254 of the TCHRA is mandatory but not jurisdictional. Accordingly, the trial court did not err in denying the District's plea to the jurisdiction on this basis.[8] The District's second issue is overruled.

## C. Whether the District is an "Employer" Under Labor Code Chapter 21

In its third issue, the District argues that it is not subject to the waiver of immunity contained in chapter 21 of the labor code because it is a school district and not an "employer." *See* TEX. LAB. CODE ANN. § 21.002(8).

The Texas Supreme Court held that immunity is waived as to a school district under chapter 21 of the labor code. *See Garcia*, 253 S.W.3d at 660; *see also Copperas Cove*

---

[7]Several other courts have directly considered the sixty-day limit provided in section 22.254 and have concluded that the requirement is not jurisdictional. *See Tex. Dep't of Transp. v. Beckner*, 74 S.W.3d 98, 103 (Tex. App.–Waco 2002, no pet.); *Middleton v. Gould*, 952 F. Supp. 435, 438 (S.D. Tex. 1996); *Corner v. Gates of Cedar Hill*, No. 3-00-CV-2499-N, 2002 U.S. Dist. LEXIS 16944, at *6-7 (N.D. Tex. Sept. 9, 2002)); *see also Windle v. Mary Kay, Inc.*, No. 05-02-00252-CV, 2003 Tex. App. LEXIS 5594, at *4 (Tex. App.–Dallas July 1, 2003, pet. denied) (mem. op.).

[8] The District argues that Garcia's alleged failure to notify the District of her suit within the sixty-day filing period deprived the trial court of subject matter jurisdiction, considering section 311.034 of the government code provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2009). However, the language referenced by the District was not included in the version of section 311.034 that was in effect when Garcia filed suit on July 2, 2004. *See* Act of June 15, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001 TEX. GEN. LAWS 2374, 2433 (amended 2005) (current version at TEX. GOV'T CODE ANN. § 311.034). In fact, the predecessor to section 311.034 provided the following:

> In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person" as defined by Section 311.005 to include governmental entities does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction.

*Id.* Because the predecessor to section 311.034 is silent as to statutory prerequisites and jurisdictional requirements, we are not persuaded by the District's argument.

*Indep. Sch. Dist. v. Brown*, No. 10-09-00047-CV, 2009 Tex. App. LEXIS 9814, at *1-2 (Tex. App.–Waco Dec. 30, 2009, no pet.) (mem. op.) (rejecting a school district's argument that school districts are not "employers" as defined by Chapter 21, and therefore, immunity is not waived). On appeal, the District essentially asks us to reconsider the supreme court's resolution of this issue.

We first note that the "law of the case" doctrine requires that "questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). Furthermore, this Court is bound to follow the supreme court's resolution of this issue. *See Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent. . . . That function lies solely with this Court. . . . Generally, the doctrine of stare decisis dictates that once the Supreme Court announces a proposition of law, the decision is considered binding precedent.").

The District argues that *Garcia* is not the "law of the case" because the specific issue of whether a school district is immune under the TCHRA was never fully briefed or argued. It further argues that the supreme court's more recent decision in *Harris County Hospital District v. Tomball Regional Hospital* calls *Garcia* into question. *See* 283 S.W.3d 838 (Tex. 2009). We are unpersuaded by these arguments. Notwithstanding the lack of briefing or argument, the supreme court considered the waiver issue[9] and concluded that the "TCHRA clearly and unambiguously waives immunity." *Garcia*, 253 S.W.3d at 660. Thus, we must conclude that the definition of "employer" in chapter 21 of the labor code includes school districts, and therefore, immunity is waived.[10] Accordingly, we overrule the

---

[9] "Here, Garcia alleges that the Legislature waived the ISD's immunity in the TCHRA." *Garcia*, 253 S.W.3d at 660.

[10] We also note that the District, in arguing that it is not an "employer" within the context of chapter 21 of the labor code, argues that it is neither a "political subdivision" of the State of Texas nor a "state instrumentality." If this were true, then, in reconciling chapter 21 of the labor code with section 51.014 of the civil practice and remedies code (the statute authorizing certain interlocutory appeals), the District would not be entitled to appeal the trial court's interlocutory order in this case. *Compare* TEX. LAB. CODE ANN. § 21.002(8) *with* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (providing that a governmental unit as defined

14

District's third issue.

## IV. Conclusion

We affirm the judgment of the trial court in part and reverse and render in part as stated in this opinion.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
27th day of May, 2010.

---

by section 101.001 of the civil practice and remedies code may appeal from an interlocutory order granting or denying a plea to the jurisdiction); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (defining a "[g]overnmental unit" as "a political subdivision of this state including any . . . *school district* . . . ") (emphasis added).

15