

NUMBER 13-11-00167-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

JOSE P. BALDONADO,                                                            Appellant,

v.

TEXAS DEPARTMENT OF HEALTH
AND HUMAN SERVICES COMMISSION,
AND THE TEXAS DEPARTMENT OF AGING
AND DISABILITY SERVICES,                                                  Appellees.

On appeal from the 445th District Court
of Cameron County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Chief Justice Valdez

By one issue, appellant, Jose P. Baldonado, appeals from the district court's

order granting the plea to the jurisdiction of appellees, Texas Department of Health and

Human Services Commission ("HHSC") and Texas Department of Aging and Disability

Services ("DADS"). We reverse and remand.

## I. BACKGROUND

In the spring of 2007, appellant submitted employment applications to HHSC for at least 52 open positions. Appellant, who is over forty years of age, was passed over for all positions. On August 30, 2007, appellant signed and filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On June 26, 2008, appellant received from the Texas Workforce Commission ("TWC") a notice of his right to file a civil action. On August 25, 2008, appellant filed suit against HHSC, alleging that HHSC refused to hire him because of his age in violation of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 21.051 (West 2006). Service of process did not occur until September 3, 2008. On November 16, 2009, appellant filed an amended petition, naming DADS as a co-defendant and alleging that DADS terminated his employment in retaliation for filing a discrimination complaint against HHSC. *See id.* § 21.055 (West 2006).

On October 18, 2010, appellees filed a combined motion for summary judgment and plea to the jurisdiction. On November 30, 2010, the district court held a hearing on appellees' plea to the jurisdiction. Appellees argued that the district court lacked jurisdiction because appellant did not both file and serve his lawsuit within the 60-day period prescribed by law.

On March 23, 2011, the district court entered a final order in the case, which read in relevant part as follows:

> In this case, the Plaintiff had a statutory 60[-]day deadline to file suit and effectuate service; the Plaintiff filed suit on the 60th day, but he did not serve the Defendant governmental entity until the 65th day.

The argument of due diligence has been accepted in limited scenarios as an equitable basis to toll statute of limitations deadlines; and for the record, as to any applicable statute of limitations issues, this Court believes that due diligence was met by the Plaintiff. However, this Court has been presented with no legal basis to support the Plaintiff's argument that due diligence may toll jurisdictional deadlines.

Texas Government Code § 311.034 states as follows: "Statutory prerequisites to a suit including the provisions of notice, are jurisdictional requirements in all suits against a governmental entity." Based upon its review of said statute and relevant case law, this Court interprets the legislative intent of said statutory language to require filing of suit AND service of citation be completed upon a governmental entity prior to the termination of the statutory deadlines, in order for a court to retain jurisdiction. Specifically, this Court is of the opinion that it lost jurisdiction upon the expiration of a statutory 60[-]day deadline; the Plaintiff's due diligence argument as to notice is NOT applicable on the issue of jurisdiction; a court either has jurisdiction or it does not have jurisdiction. Further, the Court would note the pertinent dictum of the above referenced statute in the following Texas Supreme Court cases: *In re United Services Automobile Association*, 307 S.W.3d 299, 308 (Tex. 2010), and *University of Texas Southwestern Medical Center at Dallas v. Estate of Arancibia*, 08-0215 (TXSC October 2010). Based upon the foregoing, this Court has no option but to GRANT the "Defendants' Plea to the Jurisdiction"; further, the Plaintiff's claims against the Defendants are hereby denied.

## II. ANALYSIS

In his sole issue, appellant argues that the trial court erred in dismissing his lawsuit for lack of jurisdiction.

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks to defeat a cause of action by questioning the trial court's subject matter jurisdiction and should be decided "without delving into the merits of the case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is at the heart of a court's power to decide a case. *See id.* "We review a trial court's order granting or denying a plea to the jurisdiction de novo." *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d

3

151, 156 (Tex. 2007). In our review, we examine the plaintiff's petition and evidence submitted by the parties "to the extent it is relevant to the jurisdictional issue." *Id.*

### B. Applicable Law

The Texas Commission on Human Rights Act ("TCHRA") establishes a comprehensive administrative review system for obtaining relief from unlawful employment practices. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). Before suing in state court, a person must exhaust his administrative remedies under the Act by first filing a complaint with the TWC within 180 days of the alleged discriminatory act. *Id.*; *see also* TEX. LAB. CODE ANN. § 21.202(a) (West 2006). This allows the TWC an opportunity to promptly investigate the alleged violation. *See*, *e.g.*, TEX. LAB. CODE ANN. §§ 21.201–.202; .204. Section 21.202(b) mandates that "[t]he commission shall dismiss an untimely complaint." *Id.* § 21.202(b). This 180-day deadline is mandatory and "failing to comply deprives the court of subject matter jurisdiction." *Schroeder*, 813 S.W.2d at 485–86.

Section 21.254 of the Texas Labor Code provides: "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." TEX. LAB. CODE ANN. § 21.254 (West 2006); *Tarrant County v. Vandigriff*, 71 S.W.3d 921 (Tex. App.—Fort Worth 2002, pet. denied). A complainant must file a civil action on his claim within two years from the date he filed his initial charge with the TWC; otherwise, the claim is barred by the statute of limitations. TEX. LAB. CODE ANN. § 21.256 (West 2006). The mere filing of a lawsuit is not sufficient to meet the requirements of "bringing suit" within the limitations period; rather, a plaintiff must both file her action and have the defendant served with process.

4

*Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied); *see also Vandigriff*, 71 S.W.3d at 924. Nonetheless, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Instrument Specialties, Inc. v. Tex. Employment Comm'n*, 924 S.W.2d 420, 422 (Tex. App.—Fort Worth 1996, writ denied).

### C. Discussion

According to appellant, the fact that HHSC was served with the lawsuit outside the 60-day period does not on its own deprive the district court of subject matter jurisdiction. According to appellant, the 60-day period is mandatory, but not jurisdictional. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 314 S.W.3d 548, 559 (Tex. App.—Corpus Christi 2010, pet. granted) ("We therefore conclude that the sixty-day filing period contained in section 21.254 of the TCHRA is mandatory but not jurisdictional."); *cf. Tex. Dep't of Transp. v. Beckner*, 74 S.W.3d 98, 103 (Tex. App.—Waco 2002, no pet.) ("[W]e first find that the forty-day filing period is a limitations period, not a jurisdictional requirement. If a petition is not filed within the forty days, the defendant may assert an affirmative defense of limitations under Rule 94.").

Appellees acknowledge the holding of the Texas Supreme Court in *In re United Services Automobile Association*: "In keeping with the statute's language, *Dubai* [*Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000),] and subsequent cases, as well as the purposes behind TCHRA and federal interpretations of Title VII, we conclude that the two-year period for filing suit is mandatory but not jurisdictional, and we overrule *Schroeder* to the extent it held otherwise." 307 S.W.3d 299, 310 (Tex. 2010). Nonetheless, appellees contend that the district court properly dismissed appellant's

5

claims because the claims fall under section 311.034 of the Texas Government Code, which as the Texas Supreme Court acknowledged in its opinion, provides that "statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010). According to appellees, section 311.034 applies to the claims because of appellees' status as governmental entities.

This Court has previously addressed the issue of whether section 311.034 applies to Texas Labor Code filing deadlines. After considering the Texas Supreme Court's decision in *In re United Services Automobile Association*, we concluded "that the sixty-day filing period contained in section 21.254 of the Act is mandatory but not jurisdictional." *See Mission Consol. Indep. Sch. Dist.*, 314 S.W.3d at 559 (providing that section 21.254 "does not explicitly say that failure to comply with the sixty-day deadline for a complainant to file suit after receiving a right-to-sue letter compels dismissal of a complainant's suit or deprives a trial court of jurisdiction"); *see also Ballesteros v. Nueces County*, 286 S.W.3d 566, 569–70 (Tex. App.—Corpus Christi 2009, pet. stricken) (recognizing that section 311.034 addresses provisions of notice that are statutory prerequisites to a suit—"something that is required beforehand"). Other courts have reached the same conclusion. *See McCollum v. Tex. Dep't of Licensing & Regulation*, 321 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("Because section 21.254 is not jurisdictional, the trial court erred by granting the Department's plea to the jurisdiction."); *see also Windle v. Mary Kay, Inc.*, No. 05-02-00252-CV, 2003 Tex. App. LEXIS 5594, at *4 (Tex. App.—Dallas July 1, 2003, pet. denied) (mem. op.). Accordingly, the district court erred in ruling to the contrary and in

dismissing appellant's claims on that basis.  Appellant's sole issue is therefore sustained.

### III. CONCLUSION

The order of the district court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of March, 2012.