Memorandum Opinion by Chief Justice Valdez
Appellant Eric D. Hillman appeals from the trial court's grant of a plea to the jurisdiction filed by appellees Nueces County, Mark Skurka, and Nueces County District Attorney's Office (collectively the County). By one issue, Hillman contends that immunity from his suit for wrongful termination has been waived by the County. We affirm.
I. STANDARD OF REVIEW AND APPLICABLE LAW
The purpose of a plea to the jurisdiction is to "defeat a cause of action *185 without regard to whether the claims asserted have merit." Bland Indep. Sch. Dist. v. Blue , 34 S.W.3d 547, 554 (Tex. 2000). A challenge to the trial court's subject matter jurisdiction is a question of law that we review de novo. Tex. Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004). We will, when necessary, consider relevant evidence submitted by the parties to resolve the jurisdictional dispute. Id. at 227 (citing Bland Indep. Sch. Dist. , 34 S.W.3d at 555 ). However, we will consider only the evidence relevant to the jurisdictional question. Bland Indep. Sch. Dist. , 34 S.W.3d at 555. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issues, the trial court rules on the plea to the jurisdiction as a matter of law." Miranda , 133 S.W.3d at 228.
A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.
Mission Consol. Indep. Sch. Dist. v. Garcia , 314 S.W.3d 548, 553-554 (Tex. App.-Corpus Christi 2010), reversed in part on other grounds , 372 S.W.3d 629, 645 (Tex. 2012) (internal citations omitted).
Local governmental entities have absolute immunity from suit unless immunity has been expressly waived by the Legislature. Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth. , 320 S.W.3d 829, 836 (Tex. 2010) ; Tex. Parks & Wildlife Dep't v. Sawyer Trust , 354 S.W.3d 384, 388 (Tex. 2011). Immunity deprives a trial court of subject matter jurisdiction. Miranda , 133 S.W.3d at 224. Governmental immunity from suit may be waived only by "clear and unambiguous" statutory language. Id. at 232-33 ; see TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2015 R.S.) ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").
II. DISCUSSION
By his sole issue, citing Sabine Pilot v. Hauck , Hillman first argues that sovereign immunity has been waived and that the trial court erred in granting the plea to the jurisdiction as to his claim for wrongful termination for refusal to perform an illegal act.[1] 687 S.W.2d 733, 734 (Tex. 1985).
*186 The State responds that we have already determined that governmental immunity is not waived under Sabine Pilot .
In Sabine Pilot , a non-governmental employer asked an employee to commit an illegal act. 687 S.W.2d at 734. The employee refused, and the employer fired the employee. Id. The employee sued for wrongful termination. Id. The employer relied on the employment-at-will doctrine, which applies in Texas and allows an employer to fire an employee for any reason or no reason. Id. However, the Texas Supreme Court carved out an exception to the employment-at-will doctrine establishing that an employee has a viable cause of action against the employer in Texas if the employee is discharged for the sole reason that the employee refused to perform an illegal act. Id. at 735.
In Ochoa v. City of Palmview , a government employee sued his employer arguing that immunity had been waived under Sabine Pilot . Ochoa , No. 13-14-00021-CV, 2014 WL 7404594, at *7 (Tex. App.-Corpus Christi June 19, 2014, no pet.) (mem. op.). This Court rejected that argument. See itation index="19" url="https://cite.case.law/citations/?q=2014%20WL%207404594">id. (citing Nueces County. v. Thornton , No. 13-03-011-CV, 2004 WL 396608, at *5 (Tex. App.-Corpus Christi Mar. 4, 2004, no pet.) (mem. op.) ). We explained that
[t]he general rule in Texas is that absent a specific agreement to the contrary, employment may be terminated by either the employer or the employee at will, for good cause, bad cause, or no cause at all. In Sabine Pilot Service, Inc. v. Hauck , the Texas Supreme Court recognized a "narrow exception" to the employment-at-will doctrine covering "only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." However, Sabine Pilot involved only non-governmental employees, and Texas courts have declined to extend the Sabine Pilot exception to governmental employees. Instead, courts have held that a governmental entity retains its sovereign immunity when an employee raises a common law Sabine Pilot cause of action.
Id. (internal citations omitted). We then noted that the governmental employee had "not directed us to any authority establishing that governmental immunity is waived for a wrongful termination claim under Sabine Pilot ," and we concluded that the government employee failed to plead facts affirmatively showing the trial court's jurisdiction for his claim of wrongful termination for refusal to perform an illegal act. Id.
We agree with the State. This Court has already determined that Sabine Pilot does not waive sovereign immunity for wrongful termination of a government employee claiming he or she was fired for failure to commit an illegal act. See index="23" url="https://cite.case.law/citations/?q=2004%20WL%20396608">id. (citing Nueces County , 2004 WL 396608, at *5 (concluding that although Sabine Pilot carves out an exception to the employment-at-will doctrine, it does not waive sovereign immunity); see also Tex. State Off. of Admin. Hearings v. Birch , No. 04-12-00681-CV, 2013 WL 3874473, at *1 (Tex. App.-San Antonio July 24, 2013, pet. denied) (mem. op.); Midland Indep. Sch. Dist. v. Watley , 216 S.W.3d 374, 376 (Tex. App.-Eastland 2006, no pet.) ; Salazar v. Lopez , 88 S.W.3d 351, 353 (Tex. App.-San Antonio 2002, no pet.) ; Univ. of Tex. Med. Branch at Galveston v. Hohman , 6 S.W.3d 767, 777 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.) ;
*187 Carroll v. Black , 938 S.W.2d 134, 134-35 (Tex. App.-Waco 1996, writ denied). Accordingly, we are not persuaded by Hillman's argument, and we conclude that the County's immunity has not been waived under Sabine Pilot because its limited exception to the employment-at-will doctrine, allowing an employee to sue for wrongful termination, has not been extended to governmental employees who must show that immunity has been waived. See Ochoa , 2014 WL 7404594, at *7.
Next, Hillman argues that under the Michael Morton Act, the County has waived immunity in his suit. See TEX. CODE CRIM. PROC. ANN. art. 39.14 (West, Westlaw through 2015 R.S.). The County responds that the Michael Morton Act contains no explicit waiver of immunity for Hillman's claims.
The Michael Morton Act, which is codified in the Texas Code of Criminal Procedure article 39.14, provides that the State must upon the defendant's request "produce and permit the inspection and the electronic duplication, copying, and photographing, by and on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case." Id. art. 39.14(a). Article 39.14(b) further provides that a party who requests not later than the thirtieth day before the date of jury selection is entitled to disclosure by the other party of the name and address of each person the disclosing party may use at trial to present evidence. Id. at 39.14(b). In addition, article 39.14 provides that "the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." Id. at 39.14(h).
Hillman has not specifically cited any subsection of article 39.14 that he believes waives the County's immunity, and instead argues that article 39.14"makes it illegal for a prosecutor to withhold exculpatory evidence from a Defendant" and that article 39.14"in-and-of-itself provides [him] with the requisite legislative permission needed for a Sabine Pilot cause of action." We disagree. Hillman points to nothing in article 39.14, and we find nothing indicating that the Legislature intended to waive governmental immunity for suits against governmental agencies under Sabine Pilot . See id. at 39.14. In other words, there is nothing in 39.14 stating or implying that a governmental agency has waived immunity in a suit for wrongful termination and there is certainly not any language that would constitute a "clear and unambiguous" waiver of immunity. See Miranda , 133 S.W.3d at 232-33. We overrule Hillman's sole issue.
III. CONCLUSION
We affirm the trial court's judgment.

According to appellant, "the facts in this case were never flushed-out in a trial, or otherwise, therefore the question at hand is not one of fact, but one of law." Hillman requested that we take as true the facts as set out in his brief as follows: (1) Hillman was an employee of Nueces County, Texas with the Nueces County District Attorney's office as an assistant district attorney; (2) while working on an assigned case, Hillman discovered some exculpatory evidence favorable to the defendant in the assigned case; (3) Hillman's supervisor instructed him not to disclose this evidence to the defendant; (4) Hillman objected, performed an independent investigation regarding ethical obligations of prosecutors and verified that it would be unethical to withhold the evidence from the defendant; (5) Hillman informed his supervisor that he would be releasing the information to the defendant; (6) Hillman shared the evidence with the defendant; and (7) Hillman was fired.